Emerson-Brantingham Co. v. Lyons.

---

No. 21,200.

THE EMERSON-BRANTINGHAM COMPANY, *Appellee,* v. JERRY LYONS AND W. D. GWIN, Partners, etc., *Appellants.*

SYLLABUS BY THE COURT.

1. WRITTEN CONTRACT — *Provisions for its Termination — Cannot Be Varied by Parol Evidence.* A written contract between a manufacturer of tractors and the distributors that either party might terminate the contract relation at any time by giving the other thirty days' notice in writing of his intention to do so, which is definite and complete, cannot be contradicted, altered, or added to by parol evidence of concurrent or prior negotiations or understandings.

2. SAME—*Sufficient Notice of Termination Given.* The notice given by one of the parties to the contract in question is held to be sufficient and effective to end the contract relation, and such party did not become liable to the other for damages through the exercise of the option provided for in the contract.

3. WRITTEN ORDER—*By Employee to Employer—Created No Liability against Employer.* A party may bind himself in writing to pay the debt of another and may make a binding promise to a debtor to pay his debt to a third person, but a written order by an employee to his employer to pay his creditor a sum of money out of the salary account of the employee does not create a liability against the employer and in favor of the creditor unless the employer agrees to honor the order or to make the payments.

Appeal from Douglas district court; CHARLES A. SMART, judge. Opinion filed April 6, 1918. Affirmed.

*Ord Clingman,* of Lawrence, for the appellants.

*Edgar C. Ellis, Hale H. Cook, Raymond G. Barnett,* and *Roy K. Dietrick,* all of Kansas City, Mo., for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: The defendants were sued for the contract price of a farm tractor and upon an indebtedness due upon a second-hand tractor. As to the latter claim there is no controversy on this appeal. In answer to plaintiff's demand, defendants set up several counterclaims alleged to have arisen out of the breach by plaintiff of a written contract originally entered into by the defendants and the Gas Traction Company, to whose rights and liabilities the plaintiff has succeeded. These claims involved expenses incurred in reliance upon the contract, the value of their services up to the time of the alleged breach, and the consequent loss of profits. Another counterclaim was upon what is referred to as the Lang transaction. A demurrer to an answer was sustained, and this order was reversed. (*Emerson-Brantingham Co. v. Lyons,* 94 Kan. 567, 147 Pac. 58.) The case was afterward submitted to the court on the evidence, and no special findings were made. From the judgment in plaintiff's favor, defendants appeal.

Under the contract the defendants were appointed distributors of traction engines in Kansas and were to thoroughly canvass the state and sell the tractors at a retail price of $2,800, while they were to receive them at a price of $2,400 for the first ten tractors; for the next five, $2,300; and for all over fifteen, $2,250. The defendants were not authorized to conduct business or act in the name or on behalf of the company, and their appointment as distributors was "for a period of one year beginning April 1st, 1912, and ending March 31st, 1913, unless previouly terminated, as hereinafter provided." The provision in the contract principally concerned in this appeal follows:

"It is mutually agreed that this contract may be terminated at any time either by the Company or distributors, giving thirty days' notice in writing to the other of their intention so to do."

Another provision in the contract was to the effect that if there was a failure of the defendants to accept an engine that

had been ordered, or to pay for it within thirty days after shipment, the company had the option to terminate the relationship upon giving defendants twenty days' notice in writing. The sale of its interest by the traction company to the plaintiff was consummated in August, 1912. In October, 1912, the plaintiff in a letter gave the defendants notice of its intention to terminate the contract in accordance with its terms, which was to take effect thirty days thereafter, and in it the company stated that if they had "deals pending which you expect to close within the near future, we will be glad to give them consideration and of course would expect to make it right with you."

In the trial, testimony was offered by the defendants tending to show that prior to and at the time of the execution of the written contract they were informed by the officers of the traction company that it was about to effect a sale to the plaintiff company, then about to be organized, adding that in case of sale defendants' contract would be protected and it probably could be renewed at the end of the year. The defendants contend that by the oral statements so made and the fact that they had faithfully performed their part of the contract, the company could not terminate it except for cause, and, that as no cause was stated or existed, the notice given was without effect. The plaintiff contends that the conditions under which the contract might be terminated, having been embodied in a writing, all prior and concurrent negotiations, if any were made, were without effect. The contract appears to be complete, and the stipulation in it respecting the right to terminate the relationship is definite, and hence it must be conclusively presumed that all of the undertakings of the parties as to termination are embraced in the writing. The general doctrine is that the terms of such a contract cannot be contradicted, altered, or added to by parol evidence of prior or concurrent negotiations or understandings. (*Milich v. Armour*, 60 Kan. 229, 56 Pac. 1; *Ehrsam v. Brown*, 64 Kan. 466, 67 Pac. 867; *Railway Co. v. Truskett*, 67 Kan. 26, 72 Pac. 562; *Van Fossan v. Gibbs*, 91 Kan. 866, 139 Pac. 174.)

The prior statements and understandings are wholly inconsistent with the written provision. To give force to them would be the substitution of a provision relating to the termina-

tion of the contract directly in conflict with the one deliberately placed in writing at the end of the negotiations. The stipulation allowing a termination may be drastic in its effect, but it was so specific as to leave no doubt as to its meaning, and it was one which was equally available to each of the contracting parties. When the transfer of the assets, rights, and liabilities of the Gas Traction Company was made to the plaintiff, it stepped into the shoes of the former and became entitled to exercise the option stipulated in the contract as fully as the latter might have done if no transfer had been made. The oral statements relied on are no more effective as a waiver of the stipulation than they were to contradict it, and nothing in the negotiations between the Gas Traction Company and the plaintiff for the transfer approaches a waiver of the provision.

A claim is made that the notice given was insufficient to terminate the relationship, in that the letter did not expressly give notice of termination of the contract nor state that it would end at a fixed time. In the letter the plaintiff stated:

"We wish to advise you herewith that it will be advisable for us in the future to work the territory direct and as per the terms of the contract, are notifying you thirty days in advance of our intention to terminate the contract."

In another part of the letter, after expressing appreciation of the loyalty of defendants, it was said that it was not with a feeling of dissatisfaction "that we serve notice on you relative to the cancellation of the contract within thirty days." The letter certainly carried information to the defendants of the intention of plaintiff to terminate the contract thirty days after the letter was written. Under the terms of the contract a notice of that intention for a period of thirty days was all that was required to end the relation, and defendants appear to have so interpreted the letter. Under the findings of the trial court there was no breach of the agreement by the plaintiff, and hence there was no basis for a claim for damages by reason of a breach.

The plaintiff expressed a willingness to pay, and the case appears to have been tried upon the theory that plaintiff should pay for anything done by the defendants to induce sales of tractors before the termination of the contract and which were subsequently completed by the plaintiff. It does not appear

that any of the sales subsequently made within the state were the results of the efforts of the defendants, nor that they contributed in any way toward the making of such sales.

The Lang claim was based on a note given by Lang, which Jerry Lyons had signed as security and had been compelled to pay. Lyons obtained a writing from Lang, requesting the Gas Traction Company to pay Lyons $50 per month for four months and to charge the same to his salary account, but no payments were ever made upon this request. Lang was an employee of the Gas Traction Company, but it does not appear that the company ever promised to pay the debt of Lang, nor that anything occurred which rendered it liable to pay the debt. A party may bind himself by writing to pay the debt of another, or he may make a binding promise to a debtor that he will pay his debt to a third person, but it does not appear that the Gas Traction Company or the plaintiff ever promised in writing or otherwise to pay the debt of Lyons. The request was left with the company for some time, but it appears that the account of Lang was always overdrawn, and perhaps that is the reason that no payments were ever made.

We find no error in the record, and therefore the judgment is affirmed.