## Wallins Creek Collieries Company v. Saylor.

(Decided April 27, 1926.)

### Appeal from Harlan Circuit Court.

1. Assignments—Order Directing Debtor to Pay Plaintiff Entire Claim, if Effected, is an Equitable Assignment, as Distinguished from Order to Pay Part of Debt.—Order by creditor, directing debtor to pay entire claim to plaintiff, if effected, is an equitable assignment, as distinguished from order to pay part of debt which may be withdrawn at any time before acceptance.

2. Assignments—Unsigned Order, Directing Debtor to Pay Claim to Plaintiff, has Same Effect as Though Signed, if Accepted by Debtor or Acted Upon by Parties.—Unsigned order by creditor, directing debtor to pay entire claim to plaintiff, if accepted by debtor, either in writing or verbally, or acted upon by the parties, has same force and effect as though signed by creditor.

3. Assignments—Intention of Parties with Regard to Assignment of Claim is to be Determined from all Facts and Circumstances, where Acceptance of Unsigned Order of Assignment was Ambigu-

ous.—Where acceptance by debtor of unsigned order by creditor to pay entire claim to plaintiff was ambiguous, intention of parties is to be determined from all facts and circumstances of claim, in addition to written evidence.

4. Assignments—Assignment of Claim Need Not be Accepted by Debtor, but Debtor May Pay Claim to Creditor at Any Time Before Actual Notice of Assignment.—Acceptance by debtor of assignment of claim by creditor to plaintiff is not essential to validity of assignment, but debtor may pay claim to creditor at any time before actual notice of assignment.

5. Assignments—Unsigned Order to Pay Claim to Plaintiff, Denied by Debtor as Having Been Accepted, Held Not to Import Notice of Assignment—Answer Alleging Payment to Original Creditor Held to State Defense.—Where petition on assigned claim did not allege nor answer deny that debtor had notice of assignment, unsigned order delivered to debtor to pay plaintiff, which debtor claimed was never accepted, held not to import notice, and hence answer claiming payment to original creditor states a defense.

HALL, LEE & SNYDER for appellant.

J. S. FORESTER for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS—Reversing.

By a petition in equity plaintiff sought judgment on the assignment of an open account against both the creditor and debtor therein. The creditor in the assigned account failed to answer. The debtor answered, raising certain issues, to each of which a demurrer was sustained and judgment was rendered in favor of plaintiff. The debtor appeals.

The petition alleges that the plaintiff, Andrew Saylor, sold a boundary of timber to Dock Saylor, who was then doing business under the name of the Saylor Lumber Company, for the sum of $779.98, which Dock Saylor agreed to pay out of the sales of material manufactured therefrom; that he manufactured the timber into lumber, part of which he sold and delivered to the Wallins Creek Collieries Company, the various items amounting to $779.98; that he sold, assigned and pledged this account to plaintiff in payment of his debt and presented an itemized bill for such material to the Wallins Creek Collieries Company on August 30, 1923, at the bottom of which he made the following order; "Please make check payable to Andrew Saylor, Molus, Ky.;" that on August 31, 1923, the defendant, through its superintendent, ac-

cepted the bill and written order in these words: "Date received, August 31, 1923. Order O. K. price O. K. F. O. B. Extensions and additions O. K. Charge to supply house. Griffin, Supt." It is alleged that the defendant, Wallins Creek Collieries Company, thereby became indebted to the plaintiff in the amount of the assigned account. The statement of account with its endorsements was filed with the petition as an exhibit and conformed to the allegations thereof.

The first paragraph of defendant's answer was a traverse of the alleged assignment, but not of the execution of the writings mentioned above. The second paragraph admitted the execution of the writing, but alleged that it did not intend thereby to accept the order, but merely stenciled the account showing its approval of the bill, and that the material and charges were in accordance with the contract it had with Dock Saylor, and the fund from which it should be paid. It is further alleged that subsequently, and before suit was filed, it had paid and settled the entire amount with Dock Saylor and owed nothing thereon.

This is not an order for a part of the amount due from the Collieries Company to Dock Saylor, but an effort to assign the entire claim, which if effected, brings it within the principle of an equitable assignment, as distinguished from a mere order to pay a part of the debt, which may be withdrawn at any time before acceptance. Bispham's Equity, section 167; 4 Cyc. 45; 2 R. C. L. 624.

In Philadelphia V. & L. Co. v. Garrison, 160 Ky. 329, a similar order executed by the creditor and presented to the debtor was held sufficient as an equitable assignment even without formal acceptance upon the part of the debtor. In that case the order read:

"Pineville, Ky., Oct. 19, 1911.

"Philadelphia Veneer & Lumber Co.

"Please pay Wiley Garrison what money is coming to me; also the retain; pay everything that is coming to me over to Wiley Garrison.

his<br>
"Z. B. Garrison<br>
mark.

"Witness C. B. Bird."

That case is to be distinguished from this, in that here the order was unsigned, although admittedly written

by Dock Saylor and presented to the Collieries Company. If, however, it was accepted by the collieries company, either in writing or verbally, and acted upon by the parties, it would have the same force and effect as if signed by Saylor. Farmer & Gregory v. Stagg, 78 Ky. 475.

In this respect it will be noticed that the stenciled notation is ambiguous. Appellant denies that it was intended as an acceptance of the order to pay Andy Saylor, or so understood by the parties, and alleges that it was merely an approval of the bill of material, hence these papers are not conclusive as to the assignment of the claim, and the intention of the parties in regard to this is to be determined from all the facts and circumstances of the case. It is true that if there was an assignment of the claim, acceptance thereof by the collieries company was not essential to its validity, but in any event the latter company was at liberty to pay the claim to its creditor at any time before receiving actual notice of such assignment. It is not alleged in the petition nor negatived in the answer that it had such notice, and for the reason above stated we cannot say that under all the circumstances of the case the written order imported such notice. It follows that each paragraph of the answer stated a defense to the petition, and the court erred in sustaining a demurrer thereto.

Wherefore, the judgment is reversed and cause remanded for proceedings consistent with this opinion.