No. 27,496.

L. Z. Morris, *Appellee,* v. E. E. Nelson et al., *Defendants;* C. C. Shepherd and O. L. Siler, *Appellants.*

(257 Pac. 729.)

SYLLABUS BY THE COURT.

1. Assignments—*Order for Partial Amounts to be Earned—Unqualified Acceptance as Determining Priority.* Where the operator of a combined harvester-thresher agreed to cut and thresh 500 acres of wheat for a farmer, and before the harvesting season began he drew orders on the farmer making assignments to three creditors of partial amounts of what he would earn if and when he cut and threshed the 500 acres of wheat, such partial assignments were ineffective until they were accepted by the farmer and then only according to the express terms of the acceptances made by the farmer; and *held,* further, that the unqualified acceptance of the order given in favor of plaintiff gave it precedence over other orders in favor of appellants of earlier dates which were accepted later than plaintiff's, and where the acceptances were restricted and qualified so as to protect the farmer on his prior unqualified acceptance of the order given to plaintiff.

2. Same — *Order for Partial Amounts to be Earned — Priorities.* Swartley agreed to cut and thresh 500 acres of wheat for Nelson in the harvest season of 1926. Prior to the harvest Swartley gave written orders on Nelson in favor of three creditors making partial assignments of the money he expected to earn by cutting Nelson's wheat. The terms of the assignments and their acceptance and acknowledgment by Nelson, set out in the opinion, considered, and *held,* that by the equities of the case as well as by priority of acceptance the plaintiff was entitled to precedence in payment out of the money earned by Swartley in the employment of Nelson.

3. Same—*Written Order on Employer—Necessity of Acceptance.* A written order making a partial assignment of money to be earned in the future by an employee in the service of his employer is not binding on that employer unless he accepts the order, and then only according to the tenor of the order and its acceptance.

Appeal from Finney district court; Charles E. Vance, judge. Opinion filed July 9, 1927. Affirmed.

*H. O. Trinkle, R. W. Hoskinson,* both of Garden City, and *Robert S. Field,* of Syracuse, for the appellants.
*Clifford R. Hope* and *A. M. Fleming,* both of Garden City, for the appellee.

The opinion of the court was delivered by

Dawson, J.: This was an action to determine the priority of

Assignments, 5 C. J. pp. 894 n. 14, 925 n. 85, 927 n. 88, 928 n. 90, 955 n. 51 new 958 n. 89; 2 R. C. L. 618.

certain orders for the payment of money drawn by Warren Swartley, operator of a combined harvester-thresher, in favor of three creditors of Swartley and drawn upon and acknowledged by E. E. Nelson, a wheat grower, for whom Swartley had undertaken to cut and thresh 500 acres during the harvest season of 1926. For this service Nelson was to pay Swartley $3 per acre and 5 cents per bushel for the yield above 25 bushels per acre.

On June 1, 1926, Swartley gave C. C. Shepherd an order on Nelson for $565.

On June 4, 1926, Swartley gave the J. I. Case Threshing Machine Company an order on Nelson for $1.50 per acre for whatever acreage he should cut and thresh under his contract with Nelson.

On June 14, 1926, Swartley gave this plaintiff, L. Z. Morris, an order on Nelson for $600.

All these orders were accepted by Nelson, that of plaintiff being accepted on June 14; that of Shepherd two days later, June 16; and that of the threshing machine company on June 26 or 27, some ten days later than that of Shepherd. The threshing machine company's order was assigned to O. L. Siler.

The order in favor of the plaintiff Morris and Nelson's agreement to pay it according to its terms read:

"*Mr. E. E. Nelson*:                                   JUNE 14, 1926.

"You will please pay to Mr. L. Z. Morris for account on oil and gas and other fuel bill, which I now owe and may further need in the harvesting of the wheat of said E. E. Nelson, up to the amount of $600. This said $600 is to be paid first out of cutting bill under the contract for cutting of the wheat by Warren Swartley for the said E. E. Nelson.      WARREN SWARTLEY."

[Acknowledgment.]

"I, E. E. Nelson, herein agree to pay Mr. L. Z. Morris $600 out of the cutting bill, as per above assignment.      E. E. NELSON."

"[June 14, 1926.]"

The order in favor of Shepherd and the terms of its acknowledgment read:

"*Mr. E. E. Nelson:*                                      JUNE 1, 1926.

· "You will please pay to C. C. Shepherd, or order, the sum of $565 out of the moneys due me when I have completed harvesting your wheat crop this year.      WARREN SWARTLEY."

Morris v. Nelson.

[Acknowledgment.]

*"Mr. C. C. Shepherd:*                        ". . . JUNE 16, '26.

. . . . . . . . . . . . . . . .

"I will acknowledge the above assignment in so far as possible for me to do so, and pay to you out of what cutting Warren Swartley does for me all that is not paid out of prior right or assignments ahead of yours.

"E. E. NELSON."

The order in favor of the threshing machine company and the terms of its acceptance read:

"GARDEN CITY, June 4, 1926.

"For the purpose of obtaining an extension of credit with J. I. Case Threshing Machine Co. for a Case combine, it is understood that I am to do your harvesting-threshing for the season of 1926 at a price of $3 per acre and 5¢ per bushel for all over 25 bushels per acre, in consideration of which you will please pay to J. I. Case Threshing Machine Co., or order, the amount of $1.50 per acre, as soon as the work is done. The work herein referred to is the harvesting and threshing of 500 acres of wheat on section ——, township 23-31, county Finney, state Ks.                         WARREN SWARTLEY."

"I accept the above order and agree to permit the above-named Warren Swartley to do the work herein referred to, and further agree to pay the amount due under this order as soon as the work is done.

[June 26 or 27, 1926.]                          "E. E. NELSON."

At the trial no issue of fact was raised, and it was agreed that although Nelson did not acknowledge the orders of Shepherd and the threshing machine company until after he had acknowledged the order in favor of plaintiff, he did know that such orders had been issued to them before he acknowledged the order given by Swartley in favor of plaintiff. It was also agreed that in acknowledging the plaintiff's order first Nelson had no intention to control the legal effect of the orders thus given; and that Nelson merely considered they did not amount to anything unless and until he did acknowledge them. It seems also to have been conceded that Morris knew of the outstanding but unacknowledged orders in favor of Shepherd and the threshing machine company when it received the order given him by Swartley.

All these orders were issued by Swartley and acknowledged by Nelson before Swartley had cut and threshed any grain for Nelson. Swartley eventually cut about 246 acres, when the threshing machine company deprived him of the harvester-thresher, presumably for non-payment of the purchase price or other reason not here pertinent. Swartley's services created an indebtedness on the part of

Nelson for the sum of $738, less $26 due himself, and he turned the net balance of $712 into court, for plaintiff, Shepherd and Siler to fight for.

The trial court gave judgment in favor of plaintiff for the full amount of his bill, $502.64; and directed that the balance, $209.36, be paid to Shepherd.

This disposition of the fund, of course, left nothing for Siler, assignee of the thresher company, and both Shepherd and Siler appeal. They contend that their orders entitled them to precedence over plaintiff under the rule of law that an unqualified assignment vests in the assignee title to the same extent as the assignor had at the date of its execution, and that such assignment is effective from its delivery whether the debtor accepts such order or not, and that their orders were first in time and therefore first in right. There is respectable support for such contention (5 C. J. 958), but that rule is not applicable to cases like the present where the orders to the rival creditors are for parts of the fund in the debtor's hands. (*Burnett v. Crandall et al.,* 63 Mo. 410; *Thiel v. John Week Lumber Co.,* 137 Wis. 272; 129 A. S. R. 1064; 5 C. J. 925; 2 R. C. L. 618, 619.) It is said, however, that the right to refuse to recognize partial assignments of a debt is personal to the debtor (2 R. C. L. 619) which is also a logical qualification of the doctrine that a debtor, having the right to pay his debts *in solido,* has also the right to decline to serve as *pro rata* disbursing functionary for his creditors. In *Mandeville v. Welch,* 18 U. S. 277, 5 L. Ed. 87, it was said:

"The reason of this principle is plain. A creditor shall not be permitted to split up a single cause of action into many actions, without the assent of his debtor, since it may subject him to many embarrassments and responsibilities not contemplated in his original contract. He has a right to stand upon the singleness of his original contract, and to decline any legal or equitable assignments by which it may be broken into fragments. When he undertakes to pay an integral sum to his creditor, it is no part of his contract that he shall be obliged to pay in fractions to any other persons." (p. 286.)

Here Nelson the debtor—or prospective debtor—did exercise the privilege of refusing to grant unqualified recognition of the various orders drawn on him by Swartley. He gave but a qualified acceptance to the order in favor of Shepherd, and only with greater limitations did he obligate himself to the threshing machine company. Furthermore, a critical examination of the text of Shepherd's and the threshing machine company's orders discloses that what was as-

Morris v. Nelson.

signed to Shepherd was $565 out of moneys to become due to Swartley when he had *completed* harvesting Nelson's wheat.

Swartley never did complete the harvesting of the wheat, and, strictly speaking, the condition under which the Shepherd assignment was to operate never occurred. Moreover, appellants concede that these partial assignments of a debt are ineffective unless recognized by the debtor; but the recognition given by Nelson to the Shepherd assignment set out above is qualified and restricted by his prior obligation to honor the order given in favor of Morris. If this restricted recognition of the order in favor of Shepherd is not to be observed according to its terms, it is worthless for every purpose. The same observation is pertinent touching the order in favor of the threshing machine company for a partial assignment of the prospective fund to be created by Swartley's labor in the service of Nelson. Nothing was to be due or acknowledged to be due until the 500 acres were cut and threshed. "As soon as the work is done," ran the terms of the order. Both the Shepherd and thresher machine company's orders clearly contemplated the cutting of the entire acreage.

The order in favor of Morris was expressly to be paid first; and while Swartley, perhaps, could not create a preference in favor of Morris by the mere phraseology of the order itself, yet when it is taken into consideration that Morris' claim had its inception in his supplying oil and gasoline to operate the harvester-thresher, and without his continuing to supply these essentials Swartley could not cut any wheat for Nelson and thus earn money to pay any of his creditors, there was a constraining and predominating equity in favor of Morris which the court did well to recognize in its disposition of this case. (*Deposit Co. v. City of Stafford,* 93 Kan. 539, 144 Pac. 852; *Peden Iron & Steel Co. v. McKnight,* [Tex. Civ. App.] 128 S. W. 156.)

There is, however, a simpler solution of this present question than the one just discussed. The relationship contemplated by Swartley and Nelson at the time the orders were given was essentially that of employee and employer. This court has decided that an employer is not bound to recognize and pay monthly installments out of his employee's wage on an order given by the employee. In *Emerson-Brantingham Co. v. Lyons,* 102 Kan. 733, 172 Pac. 513, it was said:

"A written order by an employee to his employer to pay his creditor a

sum of money out of the salary account of the employee does not create a liability against the employer and in favor of the creditor unless the employer agrees to honor the order or to make the payments." (Syl. ¶ 3.)

To the same effect was *C. B. & Q. R. R. Co. v. Provolt*, 42 Colo. 103, 16 L. R. A., n. s., 587.

The judgment is affirmed.

HOPKINS and HUTCHISON, JJ., not sitting.