SECURITY TRUST COMPANY OF POTTSTOWN, PENNSYL-
VANIA, APPELLANT, v. WILLIAM M. ANDERSON, RE-
SPONDENT.

Submitted February 17, 1933—Decided April 28, 1933.

For the appellant, *Wilfred B. Wolcott.*

For the respondent, *Bleakly, Stockwell & Burling.*

The opinion of the court was delivered by

PARKER, J.   The defendant, respondent, was the principal
contractor named in two building contracts, one with the city
of Camden, and one with Camden county, which for present
purposes may be considered as one contract, neither the county
nor the city being involved in this litigation.   The appellant
Security Trust Company, plaintiff below, claims under a
subcontractor of defendant, named Sotter Brothers Company,
and herein called Sotter.   The subcontract was for the fur-
nishing and erection of certain stacks and accessories in con-
formity to the plans and specifications of the main contract,
at a lump figure of $14,985.   After Sotter had received $9,200
on account of this contract price, that concern made three
written assignments to plaintiff, directed to the unpaid bal-
ance in the hands of Anderson, one for $1,800, one for $460
and a third for $1,900.   The first purports to be for "six sec-
tions of stack," the second for "balance of two stacks" and

the third for "three sections of breaching;" but there is nothing to show any subdivision of the Sotter contract, which was entire, and the assignments are merely orders against the fund for so much money, and would not, even if taken together, exhaust the balance of $5,785, or even the later balance of $4,294.75 remaining after Anderson had taken over the Sotter subcontract and completed it, as he did, at a cost of $1,490.25. There was no acceptance of any of the three assignments by Anderson; and he used the balance of $4,294.75 to pay certain claims of laborers and materialmen against Sotter, amounting to $3,896.47, leaving a balance of $398.28. Plaintiff, Security Trust Company, sued Anderson at law on the three assignments, claiming they were claims on the fund prior to those paid by Anderson. The Circuit Court, sitting without jury, held to the contrary, and awarded plaintiff a judgment for $398.28 with interest and costs, from which plaintiff took this appeal, claiming that the judgment should have been for $4,160, the total of the three assignments.

In our view, the plaintiff was not entitled to recover anything at all in this action at law. The documents and stipulated facts make it perfectly clear that appellant claims under three equitable assignments of parts of the fund, cognizable no doubt in equity but not enforceable by suit at law. *Brown* v. *Dunn,* 50 *N. J. L.* 111, 113; *Otis* v. *A'dams,* 56 *Id.* 38; *Sternberg* v. *Lehigh Valley Railroad Co.,* 78 *Id.* 277; *affirmed,* 80 *Id.* 468; 5 *C. J.* 894; 2 *R. C. L.* 636. The trial court would therefore have been fully justified in directing a nonsuit. If it had done so, even on some erroneous ground, we should not reverse here. *Gillespie* v. *J. W. Ferguson Co.,* 78 *N. J. L.* 470; *Meisel* v. *Merchants National Bank,* 85 *Id.* 253; *Beach* v. *Palisade Amusement Co.,* 86 *Id.* 238; *McMichael* v. *Horay,* 90 *Id.* 142; *McCrory Stores* v. *Braunstein,* 99 *Id.* 166. The fact that plaintiff had a judgment for less than the amount claimed does not help the matter. *Sypherd* v. *Myers,* 80 *Id.* 321.

In view of the foregoing considerations we find it unnecessary to determine whether defendant properly paid other claimants in face of the assignments.

The judgment will be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TREN-CHARD, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, DILL, JJ.  15.

*For reversal*—None.