FIRST NATIONAL BANK OF WAYNE, APPELLANT, v. GROSS REAL ESTATE COMPANY, A CORPORATION, ET AL., APPELLEES.

75 N. W. 2d 704

Filed March 30, 1956. No. 33915.

*Collins & Collins* and *Burr R. Davis,* for appellant.

*Schrout & Brown,* for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, and WENKE, JJ.

YEAGER, J.

This is an action at law for damages by the First National Bank of Wayne, Nebraska, plaintiff and appellant, against Gross Real Estate Company, a corporation, Victor L. Gross, and Frank Gross, defendants and appellees.

The action was presented to the court on a second amended petition filed by the plaintiff and a motion of the defendants for a summary judgment. The motion for summary judgment was sustained and accordingly judgment was rendered in favor of the defendants. A motion for new trial was filed by plaintiff which motion was overruled. From the judgment and the order overruling the motion for new trial the plaintiff has appealed.

The plaintiff asserts as grounds for reversal that the judgment is contrary to law; that it is not sustained by sufficient evidence; and that it is contrary to the evidence.

As pointed out the action is at law for damages. By the petition upon which the action was presented to the

court, to the extent necessary to set it forth here, the plaintiff alleged that prior to March 6, 1954, William P. Sindelar and Adela Sindelar, husband and wife, who will hereinafter be referred to as the Sindelars, were the owners of certain lands in Wayne County, Nebraska, which were encumbered by a mortgage in the amount of $16,800; that they were indebted to the plaintiff in the aggregate amount of $4,039.89 on six promissory notes one of which notes was for $2,500; and that the note for $2,500 was secured by a chattel mortgage on 35 head of cattle, 66 hogs, 1,500 bushels of corn, 1,200 bushels of oats, 30 tons of hay, and certain farm machinery and equipment.

It is further alleged that on March 6, 1954, all of the real estate was sold at public auction and the proceeds thereof in the amount of $30,240 were delivered to Gross Real Estate Company and Victor L. Gross, the president of Gross Real Estate Company.

It was further alleged that on March 6, 1954, the plaintiff delivered to Victor L. Gross, president of the Gross Real Estate Company, an assignment from the Sindelars directing the Gross Real Estate Company to pay to plaintiff $4,039.89, thus conveying to plaintiff the proceeds of the sale of the land in that amount, subject to the mortgage indebtedness against the land, which assignment was given in consideration of plaintiff releasing chattel mortgage liens held by it upon the chattels of the Sindelars. The assignment in its entirety is attached to the petition as an exhibit. The pertinent parts are the following:

"We hereby authorize and direct you to pay to the First National Bank of Wayne, Nebraska, the sum of four thousand thirty nine dollars and eighty nine cents ($4,039.89).

"This money is to be paid to said bank from the proceeds of the sale of our Wayne County, Nebraska, farm described as follows:   * * *

"As agents and brokers for the sale of the farm de-

scribed above, purchase money will come into your custody, and it is our direction that such sum be paid to the First National Bank before any other distribution of the funds is made, other than that necessary to retire the first mortgage indebtedness."

This assignment is not dated but it appears that it was received and receipted for by the defendant Victor Gross on March 6, 1954.

It is to be noted that it is not alleged that Gross said or did anything the effect of which was to affirmatively bind him or the other defendants to perform in accordance with the terms of the assignment.

It is further alleged that the defendants instead of responding to the terms of the assignment followed other directions of the Sindelars and failed to pay any amount to the plaintiff. Some details in this respect are pleaded but it does not appear necessary to set them forth here.

After the petition was filed an affidavit of William P. Sindelar was filed on behalf of the defendants. A similar affidavit of Adela Sindelar was filed. In the title to these and in the body, the two affiants are described as defendants in the action. They however do not appear from the transcript to be parties to the action as presented by the second amended petition. They may not therefore, for the purposes of this case, be treated as parties.

After these affidavits were filed the defendants filed a motion for summary judgment.

After the motion for summary judgment was filed an affidavit of Adon Jeffrey was filed on behalf of the plaintiff. An affidavit of L. B. McClure was filed also on behalf of the plaintiff.

Prior to the filing of the various affidavits and the motion for summary judgment, the defendants took the deposition of Adon Jeffrey, the vice president of the plaintiff.

After all of these steps had been taken the hearing

was had on the motion for summary judgment. There is no bill of exceptions but in lieu thereof there is a case stated. From the case stated it appears that the motion was submitted upon the petition, which is summarized in the case stated; the affidavits; and the deposition of Adon Jeffrey.

In the case stated appears also what is referred to as an answer to an earlier amended petition in this case. It is not in the transcript and there is nothing to indicate that the parties or any of them have treated it as a response to the petition which is before this court. It must therefore be disregarded as a responsive pleading.

In this light it becomes necessary to examine the petition, the affidavits, and the deposition referred to and from them determine whether or not there is an absence of issue as to any material fact the effect of which entitled the defendants herein to judgment in their favor as a matter of law.

In Illian v. McManaman, 156 Neb. 12, 54 N. W. 2d 244, it was said: "The summary judgment act, sections 25-1330 to 25-1336, R. S. Supp., 1951, authorizes summary judgment only where the moving party is entitled to judgment as a matter of law, where it is quite clear what the truth is, and that no genuine issue remains for trial. * * *." See, also, Mecham v. Colby, 156 Neb. 386, 56 N. W. 2d 299; Kennedy v. Chicago, R. I. & P. R. R. Co., 156 Neb. 345, 56 N. W. 2d 446; Palmer v. Capitol Life Ins. Co., 157 Neb. 760, 61 N. W. 2d 396.

There is no real controversy as to the facts. It must be accepted that the Sindelars gave to the plaintiff the assignment in question. It must also be accepted that the plaintiff delivered it to an officer of the defendant corporation. It is also true that the defendants disregarded the terms of the assignment and failed to deliver any of the proceeds of the sale of the real estate to the plaintiff.

The proposition for consideration therefore is that of whether or not on these facts the defendants were as a matter of law entitled to a judgment in their favor. The determination depends upon the rights which were secured by the plaintiff under the assignment, the obligation of the defendants, if any, after it was served, and the method adopted by plaintiff to enforce its rights against the defendants, if any existed. We do not have any question in this case of validity as between the assignor and assignee.

As pointed out this is an action at law for damages. Presumably, although this does not appear clearly from the briefs, the theory of the plaintiff is that after receipt of notice the defendants became trustees of the fund represented by the assignment, and that as such trustees they breached the trust which breach gave plaintiff a right of action in damages.

It is true generally that the violation by a trustee of a duty laid upon it by law, whether willful and fraudulent, or done through negligence or arising through oversight or forgetfulness, is a breach of trust which forms the basis of an action in damages. Masonic Bldg. Corporation v. Carlsen, 128 Neb. 108, 258 N. W. 44; Wells v. Carlsen, 130 Neb. 773, 266 N. W. 618.

No cases have been cited however and we have found none the effect of which is to say that an action in damages may be maintained against a debtor who has received notice of assignment of funds in his hands but has not accepted the assignment. By accepted as used here is meant accepted as binding upon him to respond in accordance with the tenor and effect of the assignment. We think there are none.

This is not to say that an assignee has no right of action against the debtor.

As pointed out the assignment here was of a part of a fund in the possession of the Gross Real Estate Company or to come into its possession. The common-law rule is that a creditor may not without the consent of

a debtor split up the debt by assignment. The debtor is entitled to pay the debt in solido. Notice of the assignment does not destroy the right. 4 Am. Jur., Assignments, § 65, p. 279.

In consequence of this rule, under the common law, an assignee of a part of a demand cannot enforce an assignment in an action at law unless there has been an acceptance on the part of the debtor. Chase Nat. Bank v. Sayles, 11 F. 2d 948, 48 A. L. R. 207, writ of certiorari denied in 273 U. S. 708, 47 S. Ct. 99, 71 L. Ed. 851; Graham v. Southern Ry. Co., 173 Ga. 573, 161 S. E. 125, 80 A. L. R. 407; Morris v. Nelson, 124 Kan. 127, 257 P. 729; Wallins Creek Collieries Co. v. Saylor, 214 Ky. 206, 282 S. W. 1095; National Exchange Bank v. McLoon, 73 Me. 498, 40 Am. R. 388; James v. City of Newton, 142 Mass. 366, 8 N. E. 122, 56 Am. R. 692; Continental Ins. Co. v. H. M. Loud & Sons Lumber Co., 93 Mich. 139, 53 N. W. 394, 32 Am. S. R. 494; La Bonte v. Mutual Fire & Lightning Ins. Co., 75 Mont. 1, 241 P. 631; Security Trust Co. v. Anderson, 110 N. J. Law 503, 166 A. 303; Field v. Mayor of New York, 6 N. Y. 179, 57 Am. Dec. 435; 4 Am. Jur., Assignments, § 65, p. 279.

We have not found that this court has passed directly upon the question of whether or not an action at law may be maintained upon such an assignment as this. It has held however that an order drawn upon a particular fund creates an equitable assignment thereof, although not accepted by the drawee. Slobodisky v. Curtis, 58 Neb. 211, 78 N. W. 522. See, also, Nebraska Moline Plow Co. v. Fuehring, 60 Neb. 316, 83 N. W. 69; Yeiser v. Broadwell, 83 Neb. 302, 119 N. W. 473.

The general rule is that where there is an assignment of a fractional part of an entire right the assignee must resort to equity to enforce that right and in doing so bring before the court all parties in interest. Chase Nat. Bank v. Sayles, *supra;* Graham v. Southern Ry. Co., *supra;* National Exchange Bank v. McLoon, *supra;* James v. City of Newton, *supra;* Warren v. First Nat.

Bank, 149 Ill. 9, 38 N. E. 122, 25 L. R. A. 746; Holbrook v. Payne, 151 Mass. 383, 24 N. E. 210, 21 Am. S. R. 456; Schwartz v. Tuchman, 232 Mich. 345, 205 N. W. 140; Bush, Redwood & Co. v. Foote, 58 Miss. 5, 38 Am. R. 310; Cogan v. Conover Mfg. Co., 69 N. J. Eq. 809, 64 A. 973, 115 Am. S. R. 629; Stewart v. Heywood, 62 Utah 466, 220 P. 717; Annotation, 80 A. L. R. 414.

The requirement for enforcement of such a right as is involved here is stated in Restatement, Contracts, § 156, p. 191, as follows: "An assignment of either a fractional part of a single and entire right against an obligor, or of a stated amount from such a right, is operative as to that part or amount to the same extent and in the same manner as if the part had been a separate right, subject to the limitation that if the obligor has not contracted to make such a partial performance no legal proceeding can be maintained by such an assignee against the obligor over his objection, unless all persons having collectively a right to the entire performance are enjoined in the proceeding."

The rules of the cited cases and of Restatement, Contracts, appear to be supported by sound reasoning. Some of the elements of this reasoning are: That the debtor has a right to stand upon the contract with his creditor and pay the debt as a whole; that a creditor should not be allowed to divide an obligation due him into fragments, and assign them to a number of different persons, thereby subjecting his debtor to the annoyance of more than one claim; and that a debtor may not be put to the possibility of defending several law suits growing out of a single debt to a creditor.

The conclusion therefore is that an action at law upon a partial assignment may not be maintained against the debtor of an assignor alone in the absence of acceptance of the assignment by the debtor. This is to say, as applied to this case, that the summary judgment entered on the cause of action as pleaded, necessary parties not

being parties to the action, was properly entered and must be sustained.

We do not think this conclusion may be avoided by the statute which has abolished the distinction between actions at law and suits in equity.

By section 25-101, R. R. S. 1943, this distinction was abolished. The statute however did not abolish either the distinction between legal and equitable rights or the methods necessary to assert or defend respectively those rights. As has always been true an equitable right may not properly be asserted in an action unless all of the necessary parties have been made parties to the action. In State ex rel. Wright v. Barney, 133 Neb. 676, 276 N. W. 676, wherein this proposition was made clear, this court said: "Our Code provides that there shall be but one form of action, which shall be called a civil action. That provision has not changed the substantive rights of the parties. The substance of the common-law rules of legal procedure, and the principles by which the different forms of actions were previously governed, still remain as before. The abolition of the common-law names and forms of action has not and cannot change the essential character of judicial remedies."

For the reasons herein stated the judgment of the district court is affirmed.

AFFIRMED.

BOSLAUGH, J., participating on briefs.