ARCHIBALD T. DAVISON *vs.* MARYLAND CASUALTY
COMPANY.

Suffolk.   November 19, 1907. — January 11, 1908.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & RUGG, JJ.

*Insurance*, Against liability.

By a policy of insurance against liability for accidents, the insurer agreed that the insured was to be reimbursed for sums paid by him not exceeding $5,000 on judgments recovered after a trial founded on an accident described in the policy. An action was brought against the insured for injuries from an accident covered by the policy. The insurer defended the action under a provision in the policy that it should do so "at its own cost" and "in the name and on behalf of the insured." The plaintiff in the action obtained a judgment for $5,000, and, against the remonstrance of the insured, the insurer alleged exceptions which were overruled by this court, the necessary delay causing an increase in the interest on the amount of the verdict. Final judgment was entered for $5,420, made up of $5,000 for the amount of the verdict, $90 for taxable costs and $330 for interest on the amount of the verdict. The insurer paid $5,090, including the amount of the verdict and the taxable costs, but refused to pay the $330 for interest included in the judgment. Execution for this last named amount issued against the insured, who paid it, and sued the insurer for reimbursement under his policy. *Held*, that the plaintiff could not recover, the defendant having discharged fully its obligations under the policy; that the provision in the policy that the insurer should defend such an action against the insured "at its own cost" was not intended to extend the limit of its liability, and that the provision that the defence should be "in the name and behalf of the insured" did not mean that the insurer should regard the interest of the insured to the prejudice of its own interest if there was a conflict between them, such as occurred on the question of carrying the case to this court on exceptions; that the fact that the defendant had paid the amount of the taxable costs included in the judgment was immaterial and it was not necessary to consider whether the defendant was bound to pay these costs or not; that under the policy the limit of the defendant's obligation was a judgment not exceeding $5,000 and the fact that the amount of the judgment in excess of that sum was made up of interest was immaterial.

CONTRACT on a policy of insurance against liability for accidents caused through the negligence of the assured in relation

to the horses or vehicles in his service and the use thereof, to recover the sum of $330 with interest thereon from March 29, 1905, when that sum was paid by the plaintiff as stated below. Writ dated Aug. 14, 1905.

In the Superior Court the case was submitted to *Bell*, J., upon an agreed statement of facts as follows:

On May 14, 1900, for the consideration therein stated, the defendant issued to the plaintiff a policy, insuring the plaintiff in accordance with that policy, a copy of which was annexed and made a part of the statement of facts, against loss from common law or statutory liability for damages, on account of bodily injuries, fatal or non-fatal, accidentally suffered by any person or persons, and caused through the negligence of the assured or his agents by means of the horses or vehicles in his service.

One Dennis McCrohan claiming to have been injured on or about February 8, 1901, by one of the teams belonging to and used by the plaintiff, on or about February 18, 1901, brought an action for $15,000 damages against the plaintiff herein, returnable to the Superior Court for Suffolk County to recover for the injuries alleged to have been sustained at that time, the alleged accident being of the kind against which the defendant had undertaken to indemnify the plaintiff.

The plaintiff herein at once notified the defendant of the accident and the commencement of the action, and the defendant, by its counsel, entered an appearance for this plaintiff in that action and thereafter defended that action and conducted and controlled the litigation until its conclusion as hereinafter set forth.

The case was tried in January, 1904, resulting in a verdict for McCrohan for $5,000 against the plaintiff herein.

Although the plaintiff herein requested the defendant to pay this verdict, it refused to do so, and in spite of his remonstrances carried the case on exceptions to the Supreme Judicial Court for the Commonwealth. These exceptions were overruled on March 3, 1905, and judgment was entered and execution was taken out against the plaintiff herein for $5,420.21 made up as follows:

| | |
|---|---:|
| Amount of the verdict | $5,000.00 |
| Taxable costs | 90.21 |
| Interest upon the verdict | 330.00 |
| | $5,420.21 |

On March 29, 1905, the defendant paid to McCrohan $5,090.21 being the amount of the verdict and taxable costs and refused to pay thereon or to the plaintiff herein the $330 of interest. Thereafter the plaintiff herein upon due demand upon the execution paid the balance of $330 and satisfied it in full.

Although the plaintiff has paid the $330 interest and complied with all the terms and conditions of the policy, so as to entitle him to be paid by the defendant whatever sum he might be entitled to under the policy, the defendant, after demand upon it by the plaintiff herein, absolutely refused to pay this amount, asserting that it had already fully discharged all its obligations under the policy.

Among the "special agreements" contained in the policy was the following:

"A. The Company's liability for an accident resulting in injuries to, or in the death of one person is limited to Five thousand Dollars ($5,000), and subject to the same limit for each person; the total liability for any one accident resulting in injuries to, or in the death of any number of persons is limited to Ten thousand Dollars ($10,000)."

The following are the second, third and eighth of the "conditions precedent" printed on the back of the policy, which are referred in the opinion:

"2. If thereafter any suit is brought against the Assured to enforce a claim for damages on account of an accident covered by this Policy, immediate notice thereof shall be given to the company, and the Company will defend against such proceeding, in the name and on behalf of the Assured, or settle the same at its own cost, unless it shall elect to pay the Assured the indemnity provided for in Clause 'A' of Special Agreements as limited therein.

"3. The Assured shall not settle any claim, except at his own cost, nor incur any expense, nor interfere in any negotiation for settlement or in any legal proceeding without the consent of the Company previously given in writing, but he may provide at the time of the accident such immediate surgical relief as is imperative. The Assured when requested by the Company shall aid in securing information and evidence and in effecting settlements, and in case the Company calls for the attendance of any employee or employees as witnesses at inquests and in suits, the Assured

will secure his or their attendance, making no charge for his or their loss of time."

" 8. No action shall lie against the Company as respects any loss under this Policy unless it shall be brought by the Assured himself to reimburse him for loss actually sustained and paid by him in satisfaction of a judgment after trial of the issue. No such action shall lie unless brought within the period within which a claimant might sue the Assured for damages unless at the expiry of such period there is such an action pending against the Assured, in which case an action may be brought against the Company by the Assured within thirty days after final judgment has been rendered and satisfied as above. In no case except that of minors shall any action lie against the Company after the expiration of six years from the date of the given injuries or death. The Company does not prejudice by this clause any defences to such action which it may be entitled to make under this Policy."

The judge found for the plaintiff in the sum of $374,11, and ordered that judgment be entered for that amount. From the judgment thus entered the defendant appealed.

*M. O. Garner*, for the defendant.

*H. M. Channing*, for the plaintiff.

LORING, J. The contract here sued on is one to " indemnify " the plaintiff " against loss from common law or statutory liability for damages on account of bodily injuries . . . caused through the negligence of the assured," &c. What is meant by the words " against loss " is described in article 8 of the conditions precedent to which the insurance is stated to be subject. Article 8 provides that no action shall lie for " any loss," unless brought " to reimburse" the assured " for loss actually sustained and paid by him in satisfaction of a judgment after trial of the issue." By special agreement A, " the company's liability for an accident resulting in injuries to . . . one person is limited to five thousand dollars."

The result of these provisions is that the plaintiff was to be reimbursed for sums paid by him not exceeding $5,000, on judgments recovered after a trial founded on accidents described in the policy. See *Connolly* v. *Bolster*, 187 Mass. 266, and cases there cited.

The first argument of the plaintiff's counsel in support of the ruling made in the court below is that interest accruing on the verdict included in the judgment is a part of the expense of litigation which is to be borne by the defendant under article 2 of the conditions precedent. That article provides that the company will " defend against such proceeding in the name and on behalf of the assured, or settle the same at its own cost." Doubtless the defendant must pay all expenses of the defence of the action against the insured, whether the words " at its own cost " qualify the verb " defend " or are to be limited to the words " settle the same." But this article is not put in to add to the indemnity to which the plaintiffs are entitled. It is manifestly inserted to describe the terms on which the defence of the action which is given to the company for its own benefit by articles 2 and 3 is to be conducted. See in this connection *Connolly* v. *Bolster*, 187 Mass. 266, 270.

The next argument put forward by the plaintiff's counsel is that the effort made to upset the verdict for $5,000 was made in the interest of the defendant alone ; that the plaintiff had nothing to gain from it, and as matter of fact he remonstrated against the case being carried further. Unless the words in article 2 of the conditions precedent " in the name and on behalf of the insured " are to be construed to require the defendant, in conducting the defence of the action brought against the assured, to consult the interest of the insured to the prejudice of its own interests in case of a conflict between the two, this argument cannot prevail ; and we are of opinion that these words cannot be given that construction. Take for example the possibility suggested by the plaintiff's counsel in connection with the defendant's determination to carry the exceptions in the case at bar to this court. If the defendant had been successful in getting the verdict of $5,000 set aside, the jury, on the new trial, might have brought in a verdict for $10,000. We cannot believe that these words required the defendant to forbear pressing the exceptions which had been taken in the hope that a second trial would result more favorably to it, because a second trial might result to the detriment of the plaintiff, who had nothing to pay on the verdict in question if the case was not carried further.

By articles 2 and 3 of the conditions precedent, the conduct of the defence is given to the defendant in the fullest terms, manifestly for its (the insuring company's) benefit. These words (" in the name and on behalf of the insured ") were not in our opinion inserted to describe or qualify the discretion of the defendant in the conduct of that defence, but to state that although the case is against the assured the conduct of the defence shall be in the insurer alone.

Such a contingency as that which has happened in the case at bar furnishes a reason for such a contract of indemnity as that now before us in terms other than those employed in the case at bar. But the terms of the contract here in question are plain and admit of but one construction.

The last argument put forward by the plaintiff is that the interest here in question stands on the same footing as taxable costs; and since the defendant paid the taxable costs it must, if " consistent," pay this interest. For the reasons already stated we are of opinion that the defendant was not bound to pay the interest. There is no occasion for us to consider whether the defendant was bound to pay the costs which it paid.

An insured who pays $5,000 or a smaller sum on a judgment can recover the sum paid with interest. But the fact that the amount of the judgment is made up in part of interest on the verdict is immaterial. The measure of the defendant's obligation is a judgment not exceeding $5,000. With the possible exception of *Cudahy Packing Co.* v. *New Amsterdam Casualty Co.* 132 Fed. Rep. 623, this result has been reached in all the cases brought to our attention. See *National & Providence Worsted Mills* v. *Frankfort Ins. Co.* 28 R. I. 126 and cases there cited.

*Judgment for the defendant.*