WYNNEWOOD LUMBER COMPANY v. THE TRAVELERS INSURANCE COMPANY.

(Filed 4 April, 1917.)

**Insurance—Master and Servant—Employer and Employee—Indemnity—Policy—Employment of Counsel—Compromise—Appeal and Error.**

A policy of employer's indemnity giving the insurer the right to employ counsel and defend or compromise an action brought thereunder by an employee is for the benefit of the insurer, and it is not liable in damages sustained by the employer for refusing to compromise the employee's action for a less sum than that indemnified against; and for compromising a judgment in a large amount rendered in the employee's action, without appeal, in the absence of suggestion that the insurer was negligent in the proper prosecution of that action, or had acted in bad faith.

CIVIL ACTION, heard at December Term, 1916, of NEW HANOVER before *Connor, J.*, upon complaint and demurrer. The demurrer was sustained, and the plaintiff electing to stand upon its complaint, it was further ordered that the action be dismissed. The plaintiff appealed.

*McClammy & Burgwyn for plaintiff.*
*George Rountree, Thomas W. Davis, J. O. Carr for defendant.*

BROWN, J. This action is brought to recover the sum of $5,000, which the plaintiff alleges it was compelled to pay on a judgment obtained against it by one Joseph Jones, as damages for injuries sustained while in its employment. The complaint shows that the defendant had issued a policy of indemnity in the usual form in the sum of $5,000, indemnifying the plaintiff from loss by reason of injury to its employees.

One Jefferson Jones, working on the logging road, was seriously injured, and plaintiff alleges that it gave notice to the defendant of the injuries and assisted in making the investigation, and that it could have settled the claim for from $1,000 to $2,500, but the defendant company refused to do so. Action was brought by Jones against the plaintiff, the Wynnewood Lumber Company, and it was defended by counsel employed by the Travelers Insurance Company. The trial resulted in a verdict for $20,000 damages. Subsequently the court reduced this verdict to the sum of $15,000, and by the negotiations entered into by counsel for the insurance company and the Wynnewood Lumber Company with counsel for the plaintiff, Joseph Jones, an agreement was entered into whereby the appeal was abandoned and judgment was entered for $10,000. Five thousand dollars of this sum was paid by the plaintiff in this action, and $5,000 by the defendant.

The ground of demurrer is that the facts set forth in the complaint do not constitute a cause of action. In the brief of the learned counsel for the plaintiff it is said: "This raises the question as to whether or not an insurance company, which has issued a policy of insurance indemnifying the plaintiff against loss, which has the right under the terms of the policy, after notice of injury, to take absolute control of the litigation, and fails to settle at a time that it could settle, without loss to the insured, can evade payment, when it controls the suit, and the judgment rendered is for four times the amount of the policy issued."

It is true, as held by other courts, that where an insurer under an employer's liability policy, on being notified of an action for injuries to the insurer's servant, assumes the defense thereof and was negligent in conducting the suit, to the loss of the employer, the latter was entitled to sue the insurance company for breach of its implied contract to exercise reasonable care in conducting the suit or in tort for negligence. *Mfg. Co. v. Plate Glass Ins. Co.*, 171 Fed., 495.

There is no allegation in the complaint in this action that the defendant company was guilty of any negligence in the conduct of the suit brought against the plaintiff for the injuries to Jones. There is no allegation that it failed to employ competent counsel and no allegation that the counsel employed by it was guilty of any negligence the consequence of which was a verdict and judgment against the plaintiff. So far as the complaint shows, the case was conducted properly and skillfully, although it resulted in a verdict of $20,000 against the plaintiff.

The only suggestion of a tortious act is in the language used with reference to the defendant's negligently refusing to settle the Jones

claim for $1,000 or $2,500. A casual examination of the policy makes it clear that the parties agreed that the defendant should have the sole right to compromise and settle claims brought against the plaintiff. There is no allegation that this power was exercised by the defendant fraudulently, oppressively, or otherwise than in good faith. That provision was evidently placed in the contract for the protection of the insurer, and gives the insurer the right to exercise its own judgment as to when a compromise and a settlement shall be made. Of course, it must be exercised in good faith and without any wrongful or fraudulent purpose. When properly exercised, it is binding upon the insured. It turns out that it would have been better for all parties, the plaintiff as well as the defendant, if the offer of a compromise had been accepted; but as is said in the brief of the counsel for the defendant, "This is a case where *hindsight* turns out to be better than *foresight*." It was a mistake of judgment, something not unusual in the affairs of this life. Such a mistake honestly made does not subject the person to legal liability. *Schmidt v. Ins. Co.,* 52 L. R. A. (N. S.), 126.

It is well settled that these provisions in policies of insurance indemnifying employer against loss by injury, that the insured shall have the exclusive right to compromise and settle such claims, is valid if exercised in good faith. The insurer is liable where it assumes the duty of defending a suit and negligently fails to discharge such duty. The insurer is also liable if it exercises the exclusive power of settlement in bad faith, or for puposes of fraud, to the injury of the insured. *New Orleans Co. v. Casualty Co.,* 6 L. R. A. (N. S.), 562.

A case very much in point is *Zinc Co. v. Fidelity and Deposit Co.,* 156 N. W., 1081. In this case the Wisconsin court held that "Under policy indemnifying employer against claims for personal injury in any case up to $5,000, held that the insurer was not bound to settle a claim, though it might be settled for $5,000 or less, so that where it had contributed $5,000 on a judgment of $12,500 the insured could not recover the excess which he was required to pay."

The fact that the defendant failed to prosecute an appeal does not constitute of itself either a tort or a breach of the implied contract, for the reasons given by the Supreme Court of Iowa in *Lumber Mfg. Co. v. Employers' Assurance Corporation,* 62 L. R. A., 617, viz.: "An insurer against employer's liability, whose contract gives it the right to defend against suits by employees against the assured, and which, after a judgment in excess of the insurance has been obtained against the assured, agrees to perfect an appeal, is not liable for negligently failing to do so, whereby the judgment is affirmed, in the absence of

anything to show that the judgment was erroneous and that plaintiff could not have succeeded on a second trial." See, also, *Davidson v. Casualty Co.,* 197 Mass., 167.

We are of opinion that the complaint fails to state a cause of action either as a breach of the implied contract or in tort for negligence, and that his Honor properly sustained the demurrer.

Affirmed.