GUMAERD LEAD AND ZINC COMPANY, RESPONDENT, v. ERIE RAILROAD COMPANY, APPELLANT.

Argued March 8, 1918—Decided June 17, 1918.

Plaintiff and defendant entered into a covenant as follows: "The party of the second part (defendant) covenants and agrees that in case it shall make any excavation upon the adjoining land, which shall interfere with the natural support of the surface of such parcel, it will construct and maintain such retaining walls or other devices, as may be necessary to prevent its slopes from encroaching on said parcel." The defendant made the excavation contemplated by the covenant, but failed to protect the adjoining land, upon which plaintiff conducted a mining enterprise, until after the damage to plaintiff's shaft had resulted. *Held*, that the covenants contemplated a protective construction, by defendant, to the plaintiff's land and enterprise, which would serve to prevent resulting damage. That the failure to construct the necessary device gave the plaintiff a right of action on the covenant for damages. That the action was *ex contractu* and not *ex delicto*, and that the question whether there was a breach and the resulting damage were jury questions.

On appeal from the Supreme Court.

For the respondent, *Thomas S. Woodruff* and *Coull & Smith*.

For the appellant, *Collins & Corbin*.

The opinion of the court was delivered by

MINTURN, J.   Plaintiff was owner of a tract of land in Orange county, New York, which contained certain ores, which it was engaged in mining, and as a necessary requisite for the work, sunk a shaft not far from the defendant's right of way.

The defendant, for the purpose of acquiring a right of way across the plaintiff's adjoining land, instituted condemnation proceedings, in Orange county, which proceed-

ings were compromised by an agreement which resulted in the execution of a deed by the plaintiff to the defendant containing, *inter alia,* this covenant, "The party of the second part (defendant) covenants and agrees that in case it shall make any excavation upon the adjoining land, which shall interfere with the natural support of the surface of such parcel, it will construct and maintain such retaining walls or other devices as may be necessary to prevent its slopes from encroaching on said parcel."

The testimony makes it apparent that in making the excavation required for railroad purposes, the retaining wall or other device contemplated by this covenant were not constructed, the result of which was that the shaft upon plaintiff's land was forced out of alignment, and became useless for the purpose for which it was constructed.

This suit, based upon the breach of the covenant, was thereby instituted and resulted in a verdict for the plaintiff. from which this appeal has been taken. There were two trials of the case, the first resulting in a *venire de novo* upon a rule to show cause by the Supreme Court, upon which rule the right of the plaintiff to recover was judicially declared, and the case was sent back upon the legal impropriety of the rule of damages applied at the Circuit. The second trial produced a similar result, and a rule to show cause reserving certain exceptions was allowed. That rule was discharged and an application for a re-argument was also denied.

The exceptions reserved upon the latter rule are limited to the inquiry whether there was evidence sufficient to go to the jury, as to the alleged breach of the covenant, and whether the action is maintainable on the covenant, both of which inquiries were raised on the motions to nonsuit and to direct a verdict.

It is primarily insisted that the court below was in error in refusing a nonsuit, and also in refusing to direct a verdict upon the ground that the testimony failed to show a breach of covenant. The rationale of the defendant's construction

of the covenant is in effect a contention that it was the intention of the parties as evidenced by the covenant, that the proposed wall or other device was not to be of a preventative nature, but rather remedial in character. In other words, that its building by defendant might follow after the construction of the slope, and meet the situation then existing, regardless of the damage which might accrue to the plaintiff, pending completion of the slope construction; and that the construction of what may be termed a *post hoc* wall or device, relieved the defendant of the necessity of accounting for the intermediate damage resulting from the actual working of the slope construction. We do not agree with this construction of the covenant, but think its terms, fairly construed, required the defendant to anticipate by the construction of a reasonable wall or device, the damage which might result, and which in fact presents the basis for this suit. In this respect the covenant is clear and unambiguous, and reduces the status of the parties entirely to one *ex contractu* and not *ex delicto*. Such an action at common law was in covenant and not in case. *Jones* v. *Clark*, 45 *N. J. L*, 437.

The fact that the defendant, after the damage was done, erected a retaining wall in accordance with its conception of the effect of the covenant, cannot serve to deprive the plaintiff of the contractual rights it is entitled to demand, as the legal and logical, the direct and natural result of the defendant's failure to adhere to the terms of its covenant. We think the exceptions presented as to the charge of the court are not reserved by the rule, and are not before us here, but if the fact were otherwise, we think the disposition here made of the fundamental proposition, presented by the case, is equally dispositive of such exceptions.

We think the resulting questions as to the fact of the breach of the covenant, and the damage resulting to the plaintiff therefrom, were properly submitted to the jury, and that the judgment below should be affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER, JJ. 14.

*For reversal*—None.