## William E. Schneider, Appellant, v. Fort Dearborn Casualty Underwriters, Inc., Appellee.

60 

 .Heard in this court at the
February term, 1930. Opinion filed May 21, ·1930. Rehearing denied June 23, 1930.

Louis Beasley and Edward C. Zulley, for appellant.

Wilbur C. Schwartz and Farmer & Klingel, for appellee.

Mr. Justice Wolfe delivered the opinion of the court.

This is an action *ex delicto* brought by the appellant in the court below against the appellee insurance company. The nature of the action and the facts giving rise to the grievances complained of appear from an examination of the declaration filed in the case, a summary of the declaration being given in the following opinion.

From a judgment dismissing the action on a general and special demurrer to the declaration, the appellant appeals. The declaration consists of two counts in general as follows: That the appellee issued to the appellant its policy of insurance providing that the appellee indemnify and insure the appellant against any loss by reason of liability imposed on the appellant for damages on account of bodily injuries accidently suffered, or alleged to have been suffered, while the policy was in force, by any person by reason of the ownership, maintenance or use of the automobile owned by the appellant; that the appellee defend in the name and on behalf of the appellant any suit brought against him to enforce a claim, whether groundless or not, for damage suffered on account of

bodily injuries as aforesaid; and to pay all costs taxed against the appellant in any suit so defended by the appellee.

The declaration further alleges that subsequent to the issuance of said policy one Albert Scheik sustained bodily injuries by reason of the use of appellant's said automobile and filed his suit for damages against the appellant in the circuit court of St. Clair county, on account of such personal injuries received by Scheik; that the appellee took charge of the defense of said suit, filed pleas therein, conducted the trial and filed a motion for a new trial in said cause; that a judgment in said cause in favor of the said Scheik was entered against the appellant in the sum of $5,000 and costs of suit, on June 22, 1925.

The declaration further alleges that one count of the declaration filed by said Scheik contained an allegation that the appellant wilfully and wantonly operated the said automobile and thereby caused the injuries to said Scheik; that the appellee knew that the declaration filed in the Scheik action contained such count, and that if such judgment against the appellant was not satisfied that the said Scheik would cause an execution to be issued and levied upon the appellant's body. That appellee knowing such facts failed to pay said judgment or to perfect an appeal within the time provided by the order of court entered in such action; that said appellee retained entire control of said Scheik case against the appellant until the 30th day of September, A. D. 1925, during all of which time appellant relied upon the defendant to protect him from said judgment and from any execution issued thereon.

In the first count of the declaration filed herein it is averred and charged that the said appellee wilfully and wantonly failed, neglected and refused to notify the appellant at any time prior to September 30, 1925, that it did not intend to pay said judgment, or to perfect an appeal in said cause within the time allowed

by the order of the court. The second count avers and charges that after the entry of said judgment and prior to the issuance of the execution on said judgment, the said Scheik repeatedly notified the appellee that if the said judgment was not paid, the said Scheik would cause an execution to be issued against the body of the appellant, and the appellee so knowing such facts wilfully and wantonly failed to notify the appellant of its intention not to pay said judgment or to perfect an appeal within the time allowed by the order of the court and the said appellee thus perpetrated a fraud upon the appellant.

Both counts allege that the appellant was on September 30, 1925, taken by the sheriff of St. Clair county, Illinois, under a writ of execution issued in the case of Albert Scheik v. Appellant and placed in the county jail at Belleville, Illinois. That prior to September 30, 1925, appellant was a law-abiding citizen and enjoyed the esteem of his friends and neighbors in said St. Clair county; that as a direct result of the wilful and wanton failure of the said defendant to notify the plaintiff of its intention not to pay said judgment, or to perfect an appeal as heretofore alleged, and his incarceration in the said jail, the plaintiff was thereby then and there greatly damaged in his goods and reputation; that appellant expended, to wit, $535 in order to effect his release from said jail and obtain satisfaction of said judgment; that on account of the said defendant's wilful and wanton negligence, as heretofore set out, he has been damaged in the sum of $25,000, etc.

The general demurrer to the declaration in this case presents the issue whether the facts well pleaded in the declaration give a right of action *ex delicto* sounding, as such actions do, in damages. (*People v. Holten,* 259 Ill. 219.) In his printed argument filed in this court, the appellant confines himself chiefly to a discussion of the contention that the specific causes of the

special demurrer to the declaration are not maintainable nor tenable. After carefully considering appellant's argument we conclude therefrom that he maintains that the declaration pleads sufficient facts, placing the legal duty upon the appellee to protect the appellant against any execution issued on the judgment entered in the original case in favor of Scheik and against the appellee, by either paying the judgment, or appealing the case; that appellee having failed either to so pay or appeal, after having undertaken the defense in the case, it must respond to the appellant in damages in an action in tort. While the action in some respects is quite novel, an examination of the authorities shows the existence of general principles, and on certain phases of the case, apt precedents, which are controlling on the question whether the declaration states a cause of action *ex delicto*.

To determine the form of redress, whether *ex contractu* or *ex delicto*, it is necessary to ascertain the source or origin of the duty which it is alleged has been breached. 38 Cyc. 426. The relation of the parties being solely contractual, their duties arise out of the insurance policy and such other duties which the law imposes upon them because of such relation. We think the general rule applicable to the relation of the parties to this action is well stated in the case of *Attleboro Mfg. Co. v. Frankfort Marine, Accident & Plate Glass Ins. Co.*, 240 Fed. 573. In this case the U. S. Circuit Court of Appeals say: "It is a well-recognized rule that, where the only relation between the parties is contractual, the liability of one to the other, in an action of tort for negligence, must arise out of some positive duty which the law imposes because of the relationship or because of the negligent manner in which some act which the contract provides for is done, and that the mere breach of an executory contract, where there is no general duty, is not the

basis of such an action." This general rule is recognized in the case of *Nevin v. Pullman Palace Car Co.*, 106 Ill. 222, 223, where it is held that the general principle is, that where the duty for the breach of which the action is brought would not be implied by law by reason of the relation of the parties, whether such relation arose out of the contract or not, and its existence depends solely upon the fact that it has been expressly stipulated for, the remedy is in contract and not in tort.

The appellant relies upon the cases of *Attleboro Mfg. Co. v. Frankfort Marine, Accident & Plate Glass Ins. Co.*, 171 Fed. 495; *Anderson v. Southern Surety Co.*, 107 Kan. 375, 191 Pac. 583, and to which may be added to the same effect: *Wynnewood Lumber Co. v. Travelers' Ins. Co.*, 173 N. C. 269, 91 S. E. 946, as holding that where an insurer under its liability policy assumes the defense of the insured and is negligent in conducting the suit to insured's loss, the latter can sue the insurer for a breach of its implied contract to exercise reasonable care in conducting the suit, or in tort for negligence.

There is no allegation in the declaration in this action that the appellee was guilty of any negligence in the conduct of the action brought against appellant by Scheik; no allegation that appellee failed to employ competent counsel, or that counsel employed to defend was guilty of any negligence, the consequence of which was the verdict and judgment against the appellant. So far as the declaration shows, the case was conducted properly and skilfully, although it resulted in a judgment for $5,000 against the appellant. The appellant does not contend that the declaration directly charges the appellee with actionable negligence in the conduct of the defense of the case, as was charged in the *Attleboro* case cited *(supra)*, but he maintains that the rule laid down in the *Attleboro* case is applicable to the gravamen of the action set forth in his declaration.

Appellant also cites the cases of *Seessel v. New Amsterdam Cas. Co.*, 140 Tenn. 253, 204 S. W. 428; *Rochester Min. Co. v. Maryland Cas. Co.*, 143 Mo. App. 555, 128 S. W. 204; *Pacific Coast Casualty Co. v. General Bonding and Casualty Co.*, 240 Fed. 36, as holding that when a judgment is rendered against the insured on a claim covered by a policy in which the insurer agrees to defend suits brought against the insured, the obligation is on the insurer to provide the bond for appeal and protect the insured from execution until the suit is terminated. From the rules announced in the foregoing authorities it is urged by appellant that his declaration states a cause of action *ex delicto* and that the authorities hold, that on account of appellee, by its attorneys having assumed control of the litigation, it thereby became the duty of the appellee to protect appellant from execution and imprisonment until the suit was terminated. With this reasoning of the appellant we cannot agree.

The declaration does not state that the judgment entered in the case in favor of Scheik and against the appellant was erroneous and that the appellant would have succeeded on a second trial. In the case of *Wynnewood Lumber Co. v. Travelers' Ins. Co.*, 173 N. C. 269, 91 S. E. 946, it was held that a demurrer to a complaint based upon the charge that the insurer failed to appeal where the liability policy gave the insurer the right to defend, was properly sustained where the declaration failed to contain such allegation. The court in that case said: ''The fact that the defendant failed to prosecute an appeal does not constitute of itself either a tort or a breach of the implied contract, for the reasons given by the Supreme Court of Iowa in *Getchell & Martin Lumber Mfg. Co. v. Employers Liability Assur. Corp.*, 117 Iowa 180, 90 N. W. 616, 62 L. R. A. 617, viz: 'An insurer against employer's liability whose contract gives it the right to defend against suits by employees against the as-

sured, and which, after a judgment in excess of the insurance has been obtained against the assured, agrees to perfect an appeal, is not liable for negligently failing to do so, whereby the judgment is affirmed, in the absence of anything to show that the judgment was erroneous, and that the plaintiff could not have succeeded on a second trial.' '' (*Sterios v. Southern Surety Co.*, 122 Wash. 36, 209 Pac. 1107; *McAleenan v. Massachusetts Bonding & Insurance Co.*, 232 N. Y. 199, 133 N. E. 444, and *Davison v. Maryland Casualty Co.*, 197 Mass. 167, 83 N. E. 407.) It is apparent, therefore, that the declaration in the instant case does not allege facts showing that the appellee was negligent in not appealing the *Scheik* case and that the allegation that the appellee wilfully and wantonly failed, neglected and refused to notify the appellant to perfect an appeal are mere conclusions of the pleader.

The cases cited by the appellant to support the proposition that it was the duty of the appellee to protect the appellant against an execution being issued on the judgment until the termination of the suit were all actions *ex contractu,* holding that under the terms of the insurance policy then in question it was the duty of the insurer to so protect its insured. In none of these cases was the insured allowed to recover damages in excess of the amount fixed in the respective policies plus costs and expenditures made by the insured and necessarily and directly related to the presentation of the defense. These cases do not hold that the positive duty is imposed upon the insurer, independent of the stipulation of the policy, to protect the insured by either appealing the case or paying the judgment nor that the nonperformance of this duty, whether contractual or imposed by law, gives rise to an action sounding in tort.

The declaration does not allege that the appellant by the exercise of ordinary care could not have learned

that the appellee did not pay the judgment before the expiration of the time for the perfecting of the appeal, and does not allege that the appellant could not have paid the judgment after the appellee's failure to file an appeal bond in time, which he had a right to do. (*Ferry v. National Motor Underwriters*, 244 Ill. App. 241.)

The demurrer to the declaration was properly sustained and the judgment of the lower court dismissing the action is affirmed.

*Affirmed.*