BERT L. FUCHS ET AL., APPELLANTS, V. PARSONS CONSTRUCTION COMPANY, A CORPORATION, ET AL., APPELLEES.

88 N. W. 2d 648

Filed March 7, 1958. No. 34319.

*Crawford, Garvey, Comstock & Nye,* for appellants.

*King, Haggart & Kennedy* and *Crossman, Barton & Quinlan,* for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, CHAPPELL, WENKE, and BOSLAUGH, JJ.

BOSLAUGH, J.

The recovery appellants seek herein is damages from appellees because of the alleged negligent construction of a building on premises owned by appellants by the Parsons Construction Company, hereafter referred to as the contractor, and on account of the alleged negligent, insufficient, and improper supervision of Steele, Sandham & Steele, called herein the architects, of the construction of the building. The legal sufficiency of the second amended petition of appellants, hereafter designated the petition, was contested by special and general

demurrer of each of the appellees. The grounds thereof were identical. They were that there was a defect of parties defendant, that several causes of action were improperly joined, and that the petition did not state facts sufficient to constitute a cause of action. The demurrers were, without specification of the reason therefor, sustained by the trial court and a judgment of dismissal of the case was rendered. The issue of this appeal is the correctness of the action of the trial court in its disposition of the case.

The substance of the parts of the petition relevant to this inquiry is:

Plans and specifications for the construction of a building on the described real estate owned by appellants were prepared at their instance and request by the architects, specifying in detail and with particularity the manner in which the building should be constructed including specific instructions as to the excavating, backfilling, and piling that were required. Instructions to bidders were attached to the plans and specifications. The proposal as exhibited by the plans and specifications was accepted by appellants. These were submitted to contractors and bids for construction of the proposed building were invited. A bid was made by the contractor for the construction of the building according to the plans and specifications prepared by the architects and approved by appellants and the bid of the contractor was accepted as made by it. A contract was made with the contractor in accordance with the bid and the contractor engaged in the actual construction of the building as provided by the plans and specifications therefor. The architects were employed by the owners to supervise the construction of the building in compliance with the plans and specifications and they acted in that capacity and status.

The specifications were made for Fuchs Machinery & Supply Co. Building. The parties to the construction contract were the contractor, Andrew Murphy & Son,

Inc., a corporation, and Fuchs and Crawford, a partnership. Fuchs Machinery & Supply Co., a partnership, Andrew Murphy & Sons, Inc., a corporation, and Fuchs & Crawford, a partnership, each assigned their interest and rights to appellants.

The contractor and the architects were charged in separate paragraphs of the petition with many negligent acts of omission and commission. The specific acts of negligence alleged in each paragraph are identical except where it is said that the contractor was negligent in failing to do a specified thing, the corresponding act charged against the architects is in their failing to require the contractor to do the identical thing; and where it is said the contractor was guilty of an act of commission, the corresponding act of negligence charged against the architects is that they permitted the contractor to do the identical thing.

The matters to be considered and decided on this appeal do not require that the very numerous allegations of negligence be summarized or detailed herein. It is sufficient that they are all concerned with the subject matter covered in detail by the contract providing for the construction of the building in accordance with the plans and specifications aforesaid. Appellants seek a joint and several judgment against the contractor and architects for the alleged damages resulting from the asserted negligence of appellees.

It is important to determine the character of the cause of action asserted against the contractor. The appellants say it is in tort and the contractor thinks it is on contract. Notwithstanding the adoption of the code, the substantial distinctions between actions on contract and those in tort exist. State ex rel. Wright v. Barney, 133 Neb. 676, 276 N. W. 676; First Nat. Bank of Wayne v. Gross Real Estate Co., 162 Neb. 343, 75 N. W. 2d 704. If the petition contains a cause of action for breach of contract, additional averments appropriate to a cause of action for a wrong will not change the action from

contract to tort and if there is a doubt as to the character of the action it will be resolved in favor of an action on contract. In such an instance the statements appropriate to an action in tort will be considered surplusage. Douglass v. Loftus, 85 Kan. 720, 119 P. 74, L. R. A. 1915B 797, Ann. Cas. 1913A 378; Dixon v. Texas Co., 222 S. C. 385, 72 S. E. 2d 897; Southern Pacific R. R. Co. v. Gonzalez, 48 Ariz. 260, 61 P. 2d 377, 106 A. L. R. 1012; Andersen v. Thude, 42 Ariz. 271, 25 P. 2d 272; Delaney v. Great Bend Implement Co., 79 Kan. 126, 98 P. 781. In order to decide the form of the redress, whether contract or tort, it is necessary to know the source or origin of the duty or the nature of the grievance. Attention must be given to the cause of the complaint; in other words, the character of the action must be determined from what is asserted concerning it in the petition in the cause. It is not important what the plaintiff calls his action. If he does attempt to identify it and is mistaken, that is immaterial. This is the rationale of the code provision that a petition is a statement of facts constituting a cause of action in ordinary and concise language. Driekosen v. Black, Sivalls & Bryson, 158 Neb. 531, 64 N. W. 2d 88; Nathan v. Locke, 108 Cal. App. 158, 287 P. 550; Schneider v. Ft. Dearborn Casualty Underwriters, 258 Ill. App. 58; Douglass v. Loftus, *supra;* Van Oss v. Synon, 85 Wis. 661, 56 N. W. 190.

The sole source or origin of the duty of the contractor was the construction contract. The nature of the grievance charged against the contractor was that it obligated itself by written contract to erect a building for appellants as required by the plans and specifications under the direction and supervision of the architects acting for appellants and that it failed by omission and commission to construct the building in that manner. This is definitely and precisely demonstrated by the language of the petition: "* * * that plans and specifications for the construction of a building * * * were, at plaintiffs' special instance and request, prepared for

the plaintiffs by the defendant Steele, Sandham & Steele, specifying specifically the manner in which the building * * * was to be constructed, both generally and specifically, and including specific instructions in regard to the excavating, backfilling and piling; * * * that the defendant Parsons Construction Company did submit a bid, which said bid was accepted for the completion of said building * * * according to the plans and specifications above referred to * * * and the defendant Parsons Construction Company undertook the construction of said building under said plans and specifications."

The pleading of appellants lacks allegations of other or different duty assumed by or imposed upon the contractor. The injuries for which appellants seek redress were the rights which accrued to them, according to the pleading, exclusively as the result of the construction contract. This is confirmed and emphasized by the conclusion of the pleading that appellants expended a large amount of money for a building "according to the plans and specifications" and if the building had been completed according to the plans and specifications, the value of the building constructed would have been equal to the expenditures made by appellants. In such a situation allegations of negligence are insignificant. It is recognized that if an action is not maintainable without pleading and establishing the contract, if the gist of the action is the breach of contract, either by malfeasance or nonfeasance, it is in substance, whatever may be the form of the pleading, an action on the contract. City of East Grand Forks v. Steele, 121 Minn. 296, 141 N. W. 181, 45 L. R. A. N. S. 205, Ann. Cas. 1914C 720; International Printing Pressmen & Assistant's Union v. Smith, 145 Tex. 399, 198 S. W. 2d 729; McDermott v. Morris Canal & Banking Co., 38 N. J. Law 53; Masters v. Stratton, 7 Hill (N. Y.) 101; Wilbur v. Brown, 3 Den. (N. Y.) 356.

The contract concerned in this case prescribed the

scope and manner of completing the work to be done by the contractor. Hence its obligation was to erect the building according to the contract and the plans and specifications with skill and in workmanlike manner. The whole of the obligation of the contractor was contractual and any failure of performance afforded a resort to an action for breach of contract. State v. Commercial Casualty Ins. Co., 125 Neb. 43, 248 N. W. 807, 88 A. L. R. 790, concerned a contract between the State of Nebraska and a contractor for the building of a steam line for the construction of which the contract specified the materials. The completed improvement proved to be faulty and the State sued for damages. This court therein said: "Whether the pipe line, as designed by plaintiff's engineers, and the specific material required and manner of construction were sufficient were questions on which the contractor was not required to pass judgment. Its duty was to perform and fulfil the contract according to the specific terms and directions therein. * * * Where plans and specifications for an improvement are prepared by engineers of the owner, who are to inspect and supervise the construction and see to it that materials are furnished and work performed in accordance with the specifications, ordinarily the contractor is not liable for the sufficiency of the specifications, but only for the skill with which he performs the work and the soundness of the materials used by him. * * * In the case of Friederick v. County of Redwood, 153 Minn. 450, it was said: 'Where a contractor makes an absolute and unqualified contract to * * * perform a given undertaking, it is the general * * * rule that he assumes the risks attending the performance of the contract * * *. But where he makes a contract to perform a given undertaking in accordance with prescribed plans and specifications, this rule does not apply. Under such a contract he is not permitted to vary from the prescribed plans and specifications even if he deems them improper and insuffi-

cient; and therefore cannot be held to guarantee that work performed as required by them will be free from defects, or withstand the action of the elements, or accomplish the purpose intended. Where the contract specifies what he is to do and the manner and method of doing it, and he does the work specified in the manner specified, his engagement is fulfilled, and he remains liable only for defects resulting from improper workmanship or other fault on his part.' "

The claim of damages by appellants against the contractor was for breach of the construction contract. The present action is and was required to be in contract and not in tort.

McNeel v. State, 120 Neb. 674, 234 N. W. 786, concerned a contract for the construction of a highway. The violations of it by the State, as claimed by the contractor, were failure to furnish clay for surfacing, failure to permit him to perform the work without delay, and failure to permit him to complete the construction. This court determined the action was contract and not tort. It is stated therein: "A statement of the law supported by precedent follows: 'The mere breach of an ordinary contract does not constitute a tort, and if there is no liability except that arising out of a breach of a purely contractual duty, the action must be in contract, and an action in tort cannot be maintained.' 1 C. J. 1016, sec. 139, notes 52 and 53, and cases cited therein, including Russell & Co. v. Polk County Abstract Co., 87 Ia. 233. * * * The gist of an action for tort is a wrong or breach of duty imposed by law as distinguished from a mere breach of contract. 1 C. J. 1019, sec. 141, note 33."

It is said in Atlanta Gas Light Co. v. Newman, 88 Ga. App. 252, 76 S. E. 2d 536: " 'Where the breach complained of is simply the neglect of a duty such as is expressly provided for by the contract itself, the action will be construed and treated as one brought ex contractu.' Fain v. Wilkerson, 22 Ga. App. 193, 194 (2)

(95 S. E. 752); Howard v. Central of Georgia Ry. Co., 9 Ga. App. 617 (71 S. E. 1017). The duty of the defendant to furnish the plaintiff with gas arose solely through their contract * * *; and the remedy of the plaintiff for a breach of that duty, even though the breach is occasioned by the defendant's negligence, is in contract and not in tort."

City of East Grand Forks v. Steele, *supra*, states: "An action to recover damages arising from the negligence of an expert employed to audit certain accounts is founded on breach of contract, and not in tort. The cause of action is the breach of the contract, and the different items of damage resulting therefrom do not constitute separate causes of action."

International Printing Pressmen & Assistant's Union v. Smith, *supra*, contains the following: "This contract * * * pledged the union to recognize Smith as a member thereof and to allow him all of the benefits incident thereto upon compliance with the terms of the contract. He complied with the contract, but the union breached it. * * * All the rights for which he seeks redress arose by virtue of the agreement of the parties. Smith's action was therefore founded upon a contract in writing."

McDermott v. Morris Canal & Banking Co., *supra*, declares: "When a count in a declaration sets forth a cause of action arising out of a contract, and maintainable only by referring to the contract as creating the right for violation of which the plaintiff complains, a recovery can be had only in an action on contract, and not in action for tort."

The language in Garber v. Whittaker, 36 Del. 272, 174 A. 34, is: "Generally, where action is based entirely on breach of contract and not on violation of duty imposed by law, action on the case will not lie, and suit must be brought in contract."

Federal Life Ins. Co. v. Maxam, 70 Ind. App. 266, 117 N. E. 801, states the doctrine in this manner: "In a certain sense a wrong is involved in every breach of a

contract. But such wrong may be distinguished from the wrong which constitutes a tort. * * * In a suit for damages for the breach of a contract, the action arises out of the agreement of the parties, and is generally denominated an action ex contractu, whereas the right of action for a tort arises out of a breach of duty fixed by law, is independent of the will or agreement of the parties, and is usually denominated an action ex delicto. * * * The case at bar is founded on the breach of a contract and not upon the violation of any duty imposed by law independent of the contractual relations of the parties. It is an action ex contractu * * *."

In Louisville & Nashville R. R. Co. v. Spinks, 104 Ga. 692, 30 S. E. 968, the court said: "Every person who makes a contract of any kind is, of course, under a duty of performing it; but it would never do to hold that every breach of a civil contract, though necessarily in a sense involving a breach of the duty thereby imposed, would give rise to an action ex delicto. Judge Cooley says that at common law: 'Breaches of contract were mere failures to perform agreements, and the actions for redress in the courts of law were actions on contracts, or actions ex contractu.' * * * There was simply an executory agreement between the plaintiff and the defendant * * *. Assuming that the plaintiff performed his part of the agreement, the defendant's refusal to comply with its obligations thereunder was like any other breach of an ordinary contract, involving no violation of a public duty or of a private duty resulting in any invasion of a vested right of the plaintiff in the premises. If the railroad company had owed him wages for work already done, a failure to pay the same would, of course, in a certain sense, be the breach of its duty to him; but at the same time, such failure would not constitute a tort. The breach of the contract now under consideration is of a similar nature and stands upon precisely the same legal footing. We are unable to see that the case has a single element of tort."

In Nathan v. Locke, *supra,* the court observed that if a complaint states a cause of action in contract and it appears that this is the gravamen of the action, the nature of the action is not changed by the fact that there are also allegations in regard to tortious conduct on the part of the defendant and the court concluded: "* * * if there is no liability except that arising out of the breach of a purely contractual duty the action must be in contract and an action in tort cannot be maintained."

It is declared in Mulvey v. Staab & Co., 4 N. M. 172, 12 P. 699: "Where the foundation of the action is a contract, in whatever way the declaration is framed, it is an action of assumpsit * * *. Here a contract is stated by way of inducement, and the true question is whether, if that were struck out, any ground of action would remain. There is no duty independently of the contract, and therefore it is an action of assumpsit. * * * An action on the case will not lie for the mere breach of a contract."

In Barrett v. New England Telephone & Telegraph Co., 80 N. H. 354, 117 A. 264, 23 A. L. R. 947, the court said: "The plaintiff's declaration sets out a contract with the defendant and alleges a negligent failure to perform the same. * * * The charge here is a negligent failure to perform a duty to render service. If the suit were between private parties, an action sounding in tort could not be maintained. It is not now necessary to go further than to hold that the fact that the defendant is engaged in the public service, does not make its mere failure to perform its duty to serve a wrong different in character from what it would be in the case of a private agreement." See, also, In re Appeal Roadmix Constr. Corp., 143 Neb. 425, 9 N. W. 2d 741; Dixon v. Texas Co., *supra;* Southern Pacific R. R. Co. v. Gonzalez, *supra;* Walser v. Moran, 42 Nev. 111, 173 P. 1149, on rehearing, 180 P. 492; Gumaerd Lead & Zinc Co. v. Erie R. R. Co., 92 N. J. Law 216, 104 A. 134; Schneider v. Ft. Dearborn Casualty Underwriters, *supra.*

Appellants argue that if there has been negligence in the performance of a contract, an action in tort may be had because the injury in such an instance results not from a breach of contract but from negligence in the performance of it and that accompanying every contract is a common-law duty to perform the thing to be done with skill and in a workmanlike manner.

Russell & Co. v. Polk County Abstract Co., 87 Iowa 233, 54 N. W. 212, 43 Am. S. R. 381, referred to with approval in McNeel v. State, *supra,* as supporting the view there expressed by this court, considered a statement from Addison on Torts, page 13, relied on by appellant in that case to support its hypothesis that the action was in tort. The statement quoted and discussed was: " 'If a contract imposed a legal duty upon a person, the neglect of that duty is a tort founded on contract * * *.' " The Iowa court said: "When the law imposes a duty from one person to another, independent of contract, the duty thus imposed is a legal one, one enjoined by the law. Its neglect is a tort. * * * It can not be said that the legal duty referred to means duties arising solely upon contract, for, if it does, then all duties in pursuance of contract are, within the meaning of the rule, legal duties, and, hence, a neglect to discharge them is a tort. This, followed to its legal conclusion, would make every breach of contract a tort. The duties arising upon contracts are, of course, legal duties, within the most comprehensive meaning of the term, but the sanction of the law making them so is invoked by the contract, and, hence, in an important and practical sense, we regard and express the obligations and duties thus arising between parties as contractual, and in that way distinguish them from other legal duties or obligations. The learned author was evidently preserving this distinction. * * * In the case at bar the defendant, independent of the contract, owed no duty to the plaintiff. The neglected duty was one alone enjoined by contract. The failure to perform by the defendant was a failure

to discharge its agreement, which is solely a breach of contract. No refinement of reasoning can, or should, avoid the conclusion. The fact that the act is alleged as negligently done does not change the situation. It is an allegation only as to the manner of making the breach. The liability of the defendant company in no way depends on the fact of negligence."

In Federal Life Ins. Co. v. Maxam, *supra,* it is said: "In a suit for damages for the breach of a contract, the action arises out of the agreement of the parties, and is generally denominated an action ex contractu, but the right of action for a tort arises out of a breach of duty fixed by law, independent of the will or agreement of the parties, and is usually denominated an action ex delicto."

In Garber v. Whittaker, *supra,* it is stated: "As a general rule, it is equally clear, however, that where the action is based entirely on a breach of the terms of a contract between the parties, and not on a violation of some duty imposed by law, an action on the case will not lie, and the plaintiff must sue, if at all, in contract. * * * In other words, as was said in Diver v. Miller, 4 W. W. Harr. (34 Del.) 207, 148 A. 291, 293: 'In order to constitute a tort there must always be a violation of some duty owed to the plaintiff; but generally speaking such a duty must arise by operation of law and not by the mere agreement of the parties.' "

In Louisville & Nashville R. R. Co. v. Spinks, *supra,* the court remarked on this subject: "Every person who makes a contract of any kind is, of course, under a duty of performing it; but it would never do to hold that every breach of a civil contract, though necessarily in a sense involving a breach of the duty thereby imposed, would give rise to an action ex delicto."

In Pecos & N. T. Ry. Co. v. Amarillo St. Ry. Co. (Tex. Civ. App.), 171 S. W. 1103, it is said: "A cause of action arising from breach of a promise is an 'action ex contractu,' and when a duty, for the breach of which

an action is brought, would not be implied by law by reason of the relation of the parties and depends solely upon the fact that it has been expressly stipulated for, the remedy is in contract and not in tort; but a cause of action arising from a breach of duty growing out of the contract is in form an 'action ex delicto.' "

The court said in Walser v. Moran, *supra*: "Where the law imposes a duty arising from the relation rather than the contract, and there is a breach of duty, the aggrieved party may sue in trespass on the case, but if there be no legal duty, except arising from the contract, there can be no election, and the party must rely upon the agreement alone * * *."

Schneider v. Ft. Dearborn Casualty Underwriters, *supra*, states: "This general rule is recognized in the case of Nevin v. Pullman Palace Car Co., 106 Ill. 222, 223, where it is held that the general principle is, that where the duty for the breach of which the action is brought would not be implied by law by reason of the relation of the parties, whether such relation arose out of the contract or not, and its existence depends solely upon the fact that it has been expressly stipulated for, the remedy is in contract and not in tort."

This subject is discussed in Rich v. New York Cent. & Hud. Riv. R. R. Co., 87 N. Y. 382, in this manner: "Ordinarily, the essence of a tort consists in the violation of some duty due to an individual, which duty is a thing different from the mere contract obligation. When such duty grows out of relations of trust and confidence, as that of the agent to his principal or the lawyer to his client, the ground of the duty is apparent, and the tort is, in general, easily separable from the mere breach of contract. * * * It rests upon the idea that unless a contract creates a relation, out of which relation springs a duty, independent of the mere contract obligation, though there may be a breach of the contract, there is no tort, since there is no duty to be violated. * * * But such legal duty may arise, not merely

out of certain relations of trust and confidence, inherent in the nature of the contract itself, * * * but may spring from extraneous circumstances, not constituting elements of the contract as such * * *. Whatever its origin, such legal duty is uniformly recognized, and has been constantly applied as the foundation of actions for wrongs; and it rests upon and grows out of the relations which men bear to each other in the framework of organized society. It is then doubtless true, that a mere contract obligation may establish no relation out of which a separate or specific legal duty arises, and yet extraneous circumstances and conditions, in connection with it, may establish such a relation as to make its performance a legal duty, and its omission a wrong to be redressed."

There is no foundation in the circumstances of this case as made by the petition for the argument of appellants in this regard. Likewise, there is no basis for an action by appellants against the contractor for a tort. The present action against it is on contract for damages for a breach of the construction contract.

The petition does not assert that the architects are liable to appellants because of the contract to construct the building, entered into by the contractor. The architects are strangers to it. Likewise, there is no claim in the petition that the contractor has any responsibility to appellants because of their transaction with the architects concerning supervision of the construction of the building. The contractor is a stranger to it. There is no similarity between the principles of law applicable to the relationship of owner and architect and the principles of law governing the relationship of owner and contractor. An architect is generally an agent of the owner. A contractor is an independent contractor in relation to the owner. The contractor was responsible for the erection of the building in harmony with his contract and the plans and specifications as the architects interpreted them and as they directed the con-

tractor. There was no area of common interest, common duty, or common benefit of the architects and contractor. The interest of the contractor was adverse to that of the architects. The function and responsibility of each were separate. They had neither a joint nor common liability or interest. It is the doctrine of this jurisdiction that causes of action involving different defendants cannot be joined unless each cause affects them all and they have a joint or common liability or interest. Separate causes against different defendants cannot lawfully be joined. § 25-702, R. R. S. 1943; Barry v. Wachosky, 57 Neb. 534, 77 N. W. 1080; Radcliffe v. Lavery, 100 Neb. 31, 158 N. W. 387; Drainage District v. O'Neill, 109 Neb. 552, 191 N. W. 685; Sickler v. City of Broken Bow, 143 Neb. 542, 10 N. W. 2d 462; Brchan v. The Crete Mills, 155 Neb. 505, 52 N. W. 2d 333. There was a defect of parties defendant. The trial court properly sustained the demurrers and dismissed the case. The judgment should be and it is affirmed.

AFFIRMED.

YEAGER, J., participating on briefs.