**LINCOLN CARPET MILLS, INC., a corporation, Appellant,**

v.

**The SINGER COMPANY, a corporation, Appellee.**

No. 76–1336.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 10, 1977.

Decided Feb. 14, 1977.

Kenneth C. Stephan, Lincoln, Neb., on briefs for appellant.

James M. Bausch, Lincoln, Neb., on brief for appellee.

Before HEANEY and STEPHENSON, Circuit Judges, and STUART, District Judge.*

HEANEY, Circuit Judge.

The appellant in this case, Lincoln Carpet Mills, Inc. [hereinafter Lincoln], manufactures various types of carpet at its plant in Lincoln, Nebraska. As the final step in preparing a particular type of foam-backed carpet, the product passes through a finishing oven which applies and cures the permanent foam backing. On September 3, 1973, Lincoln's conventional finishing oven was destroyed by fire and soon thereafter, it contacted The Singer Company [hereinafter Singer] to purchase a Modular Curing Oven to replace the one destroyed by fire. Under the contract to which the parties ultimately agreed, Singer's duties included supervising and directing the construction of the oven and its auxiliary equipment. A supervisor was provided for this purpose, and by the terms of the contract, his duties terminated when all final testing was completed and "fire off" occurred. No prob-lems or delays in construction were encountered prior to the commencement of final testing on January 3, 1973. On that date, a fire developed causing extensive damage to one of the oven modules. It is undisputed that at the time the fire occurred, the construction process was very near completion. Repairs to the damaged oven were not completed until January 21. Thus, the fire delayed actual completion for a period of about three weeks. Lincoln estimated that the three-week delay cost it over $13,000 in lost sales and caused expenditures of nearly $110,000 for outside processing of the foam-backed carpets.

Lincoln brought this action to recover damages for lost profits and delay-related expenses, alleging negligent design and installation and breach of contract by delayed performance. Trial was before a jury. At the close of Lincoln's case, the court granted Singer's motion to dismiss the negligence cause of action. The only issue submitted to the jury was whether completion by January 21 satisfied the implied term of the contract that Singer perform within a reasonable time. Following a jury verdict in favor of Singer, Lincoln moved for a new trial on the grounds that the jury verdict on the action in contract was contrary to and unsupported by the evidence and that the District Court erred in dismissing the negligence cause of action. The District Court denied this motion and, on appeal, Lincoln raises the same two objections to the proceedings below.

I. *Contract Claim.*

A motion for new trial is addressed to the sound discretion of the trial court and its decision thereon should not be upset absent a strong showing of abuse. *Sanden v. Mayo Clinic,* 495 F.2d 221, 226 (8th Cir.1974); *Farmers' Co-Operative Elevator Association Non-Stock of Big Springs, Nebraska v. Strand,* 382 F.2d 224, 230–231 (8th Cir.), *cert. denied,* 389 U.S. 1014, 88 S.Ct. 589, 19 L.Ed.2d 659 (1967); *Powers v.*

* WILLIAM C. STUART, United States District Judge, Southern District of Iowa, sitting by designation.

*Continental Casualty Company,* 301 F.2d 386, 390 (8th Cir.1962). In ruling on a new trial motion, the trial court, after reviewing all of the evidence, must exercise its independent judgment in determining whether the verdict was against the clear weight of the evidence. *Fireman's Fund Insurance Co. v. Aalco Wrecking Co., Inc.,* 466 F.2d 179, 186 (8th Cir.1972), *cert. denied,* 410 U.S. 930, 93 S.Ct. 1371, 35 L.Ed.2d 592 (1973); *Simpson v. Skelly Oil Company,* 371 F.2d 563, 570 (8th Cir.1967). In denying Lincoln's motion, the District Court held that the jury could reasonably have found that performance was completed within a reasonable time. After a careful review of the record, we conclude that this finding was well within the trial court's discretion and amply supported by evidence presented at trial. The terms of the contract provided no specific date for completion but did indicate that construction generally could be concluded in nine weeks. In our view, the jury could reasonably have concluded that since Lincoln did not execute the contract or send Singer a downpayment until the second week in November, the parties were not formally bound until November 16, 1973, even though Singer began work earlier. This finding would justify the jury's conclusion that performance on January 21 was within a reasonable time, as that date is only three days beyond the nine-week time period which the contract specified.

## II. *Negligence Claim.*

■ Lincoln also claims that the District Court erred, as a matter of law, in holding that the cause of action in negligence was not cognizable under Nebraska law. Although this Court is not bound by the District Court's interpretation of local law in a diversity case, "great weight" is to be accorded its determination. *Sherrill v. Royal Industries, Inc.,* 526 F.2d 507, 510 (8th Cir. 1975); *Halvorsen v. Dunlap,* 495 F.2d 817, 821 (8th Cir.1974); *Owens v. Childrens Memorial Hospital,* 480 F.2d 465, 467 (8th Cir. 1973); *Luke v. American Family Mutual Insurance Company,* 476 F.2d 1015, 1019 (8th Cir.), *cert. denied,* 414 U.S. 856, 94 S.Ct. 158, 38 L.Ed.2d 105 (1973). The parties in a diversity action are, however, "entitled to review * * * of the trial court's determination of state law just as they are of any other legal question in a case." *Luke v. American Family Mutual Insurance Company, supra* at 1019, n.6, *quoting with approval Freeman v. Continental Gin Co.,* 381 F.2d 459, 466 (5th Cir.1967).

■ The District Court held that, under Nebraska law, Lincoln's negligence cause of action was not cognizable both because "the defendant's duty of installing the oven arose purely from the contract" and because "the damages allegedly sustained by the plaintiff were solely commercial." *Lincoln Carpet Mills, Inc. v. The Singer Co.,* Civil No. 74–L–156 (D.Neb., Feb. 26, 1976). Under Nebraska law, to determine the proper character of the cause of action asserted, the court must examine "the source or origin of the duty or the nature of the grievance." *Fuchs v. Parsons Construction Company,* 166 Neb. 188, 88 N.W.2d 648 (1958). In *Fuchs,* recovery was sought against a contractor and architects for negligence in the construction of a building. The evidence showed that the defendants insisted on the preparation and incorporation into the contract of detailed plans and specifications for the construction of the building. The acts of negligence charged in the complaint were all concerned with the subject matter covered in detail by the contract's plans and specifications. *Fuchs v. Parsons Construction Company, supra* at 192, 88 N.W.2d at 651. Applying the test stated above, the Nebraska Supreme Court held:

> The sole source or origin of the duty of the contractor was the construction contract. The nature of the grievance charged against the contractor was that it obligated itself by written contract to erect a building for appellant as required by the plans and specifications * * * and that it failed by omission and commission to construct the building in that manner.

*Id.*

In the instant case, the gist of Lincoln's grievance is that it was injured by delayed

performance and that the delay was caused by Singer's negligence in design and installation. It seems clear that the source of Singer's duty to complete the ovens within a reasonable time and the reference against which the existence of delay must be determined is the parties' contractual agreement. For this reason, we find that under the *Fuchs'* test, the proper form of redress is in contract. The sense of the *Fuchs'* test is that when the parties to a dispute have defined by contract the nature and extent of a particular duty, what constitutes an unreasonable or negligent performance of that duty cannot be ascertained without reference to the contractual definition. To claim that Singer owed an independent duty in tort to perform by the date completion would have occurred but for the fire is to totally ignore the parties' contractual aims and bargained for duties. The circumstances of this case are not so compelling as to justify such disregard of the parties' intent.

The second portion of the District Court's holding was that, under Nebraska law, damages solely for commercial loss are not recoverable in a negligence action of the sort alleged herein. Although this ground is not necessary to the ultimate disposition of appellant's motion, we do believe that existing Nebraska precedent does recognize the recovery of economic loss in a tort action between commercial parties even though no attendant loss of a personal or property nature is sustained. *See K & R, Inc. v. Crete Storage Corp.,* 194 Neb. 138, 231 N.W.2d 110 (1975); *Kunkel v. Cohagen,* 151 Neb. 774, 39 N.W.2d 609 (1949).

With this exception, we affirm the decision of the District Court.