WILLIAM GLENN MURRAY v. COCA-COLA BOTTLING COMPANY OF ASHEVILLE AND LEONARD RAY HOLLIFIELD.

(Filed 22 September, 1965.)

**1. Automobiles § 42f—**

Evidence tending to show that plaintiff reached a one-lane bridge when defendant driver was some 50 to 60 feet therefrom, that plaintiff was already proceeding across the bridge when defendant driver entered thereon, that plaintiff was in full view at all times after entering upon the bridge, and that plaintiff had traveled some 50 or 60 feet on the bridge when defendant's truck skidded into plaintiff's vehicle, without any evidence that plaintiff was under duty to yield the right of way to defendant, *held* insufficient to establish contributory negligence as a matter of law.

**2. Negligence § 26—**

Nonsuit for contributory negligence is proper only when plaintiff's evidence, taken in the light most favorable to him, so clearly establishes this defense that no other reasonable inference can be drawn therefrom.

Appeal by defendants from *Martin, S. J.,* April 1965 Regular Session of Rutherford.

Action to recover for personal injuries suffered by plaintiff when the Volkswagen truck he was driving collided with an International pickup truck owned by corporate defendant and operated by individual defendant.

The collision occurred about 8:30 A.M. on 21 February 1961 in Forest City on the old Caroleen Road bridge over CC & O Railroad. The bridge runs north and south, has a wooden surface with railings on each side, and is 80 feet long and 15 feet wide. The road, as it approaches the bridge from the North, is downgrade and winding; the approach from the South is upgrade. There are highway signs facing both approaches warning, "One Lane Bridge." On the morning of the accident it had been raining and the bridge was wet. Plaintiff was proceeding northwardly and after entering the bridge met the pickup which was going southwardly; the vehicles collided. The Volkswagen truck was 5½ feet wide; the International pickup was 6 feet 2 inches wide. Plaintiff was seriously and permanently injured.

The jury found that plaintiff was injured by the negligence of defendants and plaintiff was not contributorily negligent. Damages in the amount of $87,500 were awarded. Judgment was entered in accordance with the verdict.

*Oscar J. Mooneyham and James C. Smathers for plaintiff.*
*Hamrick & Jones and Jones & Jones for defendants.*

PER CURIAM. In their brief "Defendants concede that the evidence was sufficient to support a finding that the defendant, Leonard Ray Hollifield, was negligent and that his negligence was one of the proximate causes of the collision," but they contend "That considering all of plaintiff's evidence as true, plaintiff is clearly guilty of contributory negligence on his own statement, and as a matter of law."

The evidence, considered in the light most favorable to plaintiff, presents this account of the occurrence: As plaintiff approached the bridge he was going upgrade. The surface of the bridge is level. The road does not "level off" before entering the bridge. The road is 22 feet wide. As he approached the bridge plaintiff was travelling at a speed of 20 miles per hour, with both right wheels on the right shoulder. When he was about 66 feet from the bridge he saw the pickup truck approaching, and it was about 250 feet from the north edge of the bridge and travelling at about 25 miles per hour. Plaintiff thereafter had the pickup truck in full view all of the time as it came downgrade toward the bridge, but plaintiff did not have the surface of the bridge in view until he reached the south edge of the bridge. When plaintiff was about 10 feet from the bridge he pulled back on the highway with all four wheels and reduced speed to 10 miles per hour. When plaintiff reached and entered the bridge the pickup truck was 50 to 60 feet from the north end of the bridge. Plaintiff travelled on the bridge with his truck about 1 foot from the east edge of the bridge, and had travelled 50 or 60 feet on the bridge when the collision occurred. Defendant Hollifield could see the entire bridge as he approached it. He did not follow the curve in reaching the bridge, but "more or less straightened out the curve, coming right on." As the pickup truck entered the bridge, without stopping, it was in the center of the bridge with the left wheels to the east of the center; the rear of the pickup then went "sideways" to its right and the front "sideways" to its left. Half of the front of the truck was on plaintiff's side. Plaintiff applied brakes and was going about 5 miles per hour when the vehicles collided. Both drivers had travelled this road many times before and were familiar with the bridge and the approaches thereto.

Defendant Hollifield's account of the accident is in sharp conflict with the foregoing version and tends to exonerate him from fault.

The gist of defendants' argument is "that when a reasonable and prudent man approached this bridge under the circumstances . . . and saw a truck approaching the bridge from the opposite direction, . . . he would have stopped his truck before entering the bridge and would have permitted the driver of the approaching truck to cross the bridge in safety" and plaintiff's failure so to do constituted contributory negligence as a matter of law; ". . . the hard fact of the matter is that plaintiff carelessly and recklessly gambled his own safety and proceeded on a reckless course of conduct and unfortunately lost."

We do not agree with defendants' contention. There is evidence from which the jury could find that plaintiff reached and entered the bridge first, defendant Hollifield was 50 to 60 feet from the bridge when plaintiff entered and plaintiff was already proceeding across the bridge when Hollifield entered, plaintiff was in full view of Hollifield at all times after plaintiff entered the bridge, and Hollifield drove upon the bridge in such manner as to cause his vehicle to skid into the path of plaintiff's vehicle when it was so close that collision could not be avoided. There are no circumstances disclosed by plaintiff's evidence which required him, as a matter of law, to yield to Hollifield the right to cross the bridge first. ". . . nonsuit on the ground of contributory negligence should be allowed only when plaintiff's evidence, taken in the light most favorable to him, so clearly establishes this defense that no other reasonable inference or conclusion can be drawn therefrom." 3 Strong: N. C. Index, Negligence, § 26.

All other assignments of error brought forward and discussed in defendants' brief have been carefully and fully considered. They are not sustained.

No error.