**COCA–COLA BOTTLING COMPANY OF ASHEVILLE, NORTH CAROLINA, Plaintiff,**

v.

**MARYLAND CASUALTY COMPANY, Defendant.**

**Civ. A. No. 2936.**

United States District Court,
W. D. North Carolina,
Asheville Division.

Jan. 7, 1971.

J. Nat Hamrick, Rutherfordton, N. C., for plaintiff.

O. E. Starnes, Jr., Van Winkle, Buck, Wall, Starnes & Hyde, Asheville, N. C., for defendant.

## MEMORANDUM OF DECISION AND ORDER

McMILLAN, District Judge.

On February 27, 1961, Coca-Cola Bottling Company of Asheville owned a

1959 Chevrolet truck which was being driven by their employee, Leonard Ray Hollifield, on Coca-Cola business. Hollifield had a collision that day on a one-lane bridge in Forest City, North Carolina, with a Volkswagen truck driven by William Glenn Murray. Murray was seriously injured. Murray sued Coca-Cola for damages for his injuries and in a trial conducted in Rutherfordton, North Carolina, in April, 1965, he recovered a verdict and judgment against Coca-Cola for $87,500. Maryland Casualty Company, the automobile insurer for Coca-Cola, paid its policy limit of $50,000 and Coca-Cola paid $37,500 in satisfaction of the judgment.

Coca-Cola has now sued Maryland Casualty Company, asserting that Maryland should reimburse Coca-Cola the additional $37,500 representing the recovery which exceeds the $50,000 liability insurance limits which Maryland had on the Coca-Cola truck.

At a hearing in Charlotte on December 7, 1970, it was stipulated that the evidence should consist of the admissions in the pleadings, the transcript of the pleadings and trial in the Supreme Court of North Carolina in Murray v. Coca-Cola Bottling Company et al., 265 N.C. 334, 144 S.E.2d 1 (1965); and depositions of James Smathers, Oscar J. Mooneyham, Fred D. Hamrick and B. Calvin Deaner.

Rutherford County is a rural county in the foothills of the Blue Ridge Mountains, some 75 to 90 miles west of Charlotte and 35 to 50 miles east of Asheville. At the time of this trial in 1965 it had traditionally been a "low verdict" county, but some verdicts exceeding $25,000 had been rendered.

At the damage suit trial of Murray v. Coca-Cola Bottling Company and Hollifield, the plaintiff Murray was represented by Oscar J. Mooneyham, now deceased, and James C. Smathers. The defendants, Coca-Cola Bottling Company and Hollifield, were represented by Robert A. Jones and Fred D. Hamrick, Jr. of Rutherfordton. Fred Hamrick was re-tained by Maryland Casualty Company, and Robert A. Jones was retained by Coco-Cola Bottling Company because the suit for $150,000 was for $100,000 more than the $50,000 limit of liability insurance coverage.

The plaintiff Murray was badly injured. His hospital and doctors' bills at the time of trial were nearly $8,000 and his loss of earnings at that time (217 weeks) amounted to over $21,000. There was evidence that he had 80% disability in his injured leg in which he was wearing a metal prosthesis as part of the hip joint.

The negotiations and trial of the case were conducted on four days, April 25, 26, 27 and 28, 1965.

While the trial was going on the defendants offered to pay $20,000 and counsel for Maryland Casualty indicated that he would be willing to pay more if he could settle the case. Plaintiff offered to accept $35,000. There was a good deal of discussion, and the figure $27,500 was mentioned, but there is no indication that anybody offered to accept $27,500 nor that counsel for the defendants recommended to defendants that they pay $27,500. Counsel for the plaintiff (Mooneyham) indicated in his deposition that they would have given "serious consideration" to taking $27,500.

The evidence presented a stark and irreconcilable conflict between the testimony of the plaintiff, Murray, and the defendant Hollifield, who were the only direct eyewitnesses to the collision itself.

There were genuine and difficult issues of fact to be resolved by the jury on the questions of negligence and contributory negligence; and although counsel for all parties realized the possibility of a recovery by the plaintiff, no one appears to have contemplated in advance that such a recovery might exceed $50,000.

The evidence was presented on Tuesday and Wednesday of the trial week.

The scene of the accident was a narrow one-lane bridge over a railroad. The paved surface of the bridge was 15 feet wide and the bridge was 80 feet long.

As one approaches the bridge from either direction, he drives along parallel to the railroad and then makes a turn and goes up an incline and across the bridge.

The truck of the defendants was between six and seven feet wide, and the Volkswagen of the plaintiff was about five and one-half feet wide.

The collision occurred as near as can be determined from the evidence at almost the geographical center of the bridge—forty feet from each end and about the center of the 15-foot pavement.

There was some physical evidence that the plaintiff's Volkswagen was farther out from the railing than the truck, and therefore had more maneuvering room to dodge. .

The day was misty and the roadway wet. The defendant Hollifield testified that the Volkswagen skidded onto its wrong side of the road where it collided with the truck. The plaintiff, driving the Volkswagen, denied this, and said the truck skidded onto his side of the road.

Both drivers claimed that they reached the bridge first.

The defendant Hollifield was shown to be a person of good character, and there were no intrinsic contradictions or inherent improbabilities in his testimony.

The plaintiff's counsel were "uneasy" about losing the case on the basis of contributory negligence.

There was, in substance, a "Mexican stand-off" on the words of the testimony, with perhaps some slight preponderance of corroborating testimony in favor of the defendants.

■ Under the law of North Carolina, which applies here, the duty of the insurer in the exercise of its contract right to settle a pending liability claim or suit, is "to act diligently *and in good faith* in effecting settlements within policy limits and, if necessary to accomplish that purpose, to pay the full amount of the policy" (emphasis supplied). Abernethy v. Utica Mutual Insurance Company, 373 F.2d 565 (4th Cir., 1967); Alford v. Textile Insurance Company, 248 N.C. 224, 103 S.E.2d 8, 12, 70 A.L.R.2d 408 (1958). See also, Wynnewood Lumber Company v. Travelers' Insurance Company, 173 N.C. 269, 91 S.E. 946 (1917); Bradford v. Kelly, 260 N.C. 382, 132 S.E. 2d 886 (1963); Henry v. Nationwide Insurance Company, 139 F.Supp. 806 (E.D.N.C., 1956); N.C.G.S., § 20–279.21 (b) (3).

■■ Although the insurer may be unreasonable as seen in retrospect, it is liable for recovery beyond its policy limits only if it acts with wrongful or fraudulent purpose or with lack of good faith; an honest mistake of judgment is not actionable. Every claim has some settlement value, but the existence of issues for the jury rather than the certainty of a nonsuit does not demonstrate bad faith or even lack of due care if the insurer fails to settle. Insurance counsel do not have to be omniscient, and their opinions whether they support or cast doubt on the action of the insurer do not determine the issue of liability above policy limits.

A further consideration is that Coca-Cola, whose solvency is not questioned, is a business concern operating trucks on the highway, and for all the record shows, is a responsible business concern. Its officials may be held to some duty of knowing that they could contract for more insurance coverage simply by requesting higher limits—and paying additional premiums.

■ Under the facts shown by the record, no lack of good faith appears and, in fact, it is highly debatable whether there was any evidence of lack of due care. In 1965, verdicts above $25,000 in the county where the trial occurred were rare. The evidence was in sharp conflict; the defendant Hollifield was supported by abundant evidence of good character; there was no basis for assuming that a jury would automatically decide in favor of the plaintiff; the trial itself did not put the case in any worse light than had been predicted by the pretrial investigation; and the plaintiff's counsel themselves were "uneasy" about

losing the case. There was no flat refusal to negotiate, but instead there was a sizeable settlement offer and a willingness indicated to offer more if settlement thereby appeared likely. The court is unable to conclude that the circumstances shown by this evidence should have the legal effect of writing a new and higher limit insurance policy for the plaintiff under the law of North Carolina.

The court finds that the defendant acted in good faith and with no breach of due care under the circumstances, and that the plaintiff is not entitled to recovery.

It is therefore ordered, that the plaintiff recover nothing of the defendant, and that this action be dismissed.